STOULIG, Judge.
This is an action filed in the Twenty-Ninth Judicial District Court for St. Charles Parish by the plaintiff seeking workmen’s compensation benefits for injuries sustained while allegedly unloading grain from a barge. Defendants excepted to the jurisdiction of the court on the premise that the plaintiff’s exclusive remedy is under the United States Longshoremen’s and Harbor Workers’ Act. The exceptions were maintained and claimant’s suit was dismissed.
Plaintiff has lodged this appeal maintaining that the trial court erroneously as *925 sumed that the injury occurred on navigable waters and that the claimant was a longshoreman. It is urged that neither of these factual conclusions was warranted from the record.
The burden rests with the exceptor to present sufficient evidence, documentary or testimonial, to sustain the merits of his exception by proving facts which will confirm that the plaintiff is not entitled to proceed Uítder our có'ftipensation statute but is exclusively limited to the remedies afforded by the Longshoremen’s and Harbor Workers’ Act.
The criteria of the character of proof required has been prescribed by our Supreme Court in the case of Ellis v. Travelers Insurance Company, 241 La. 433, 129 So.2d 729 (1961), at page 739:
“* * * [W]e conclude that longshoremen injured while performing maritime work on ocean-going vessels, afloat on navigable waters, are not performing work so local in character as to allow them redress for their injuries under the State Workmen’s Compensation Act. * * * ”
A review of the record reflects that the only reference that the “injury occurred over navigable waters” is contained in the defendants’ exception to the jurisdiction of the court. However, there is no evidence to substantiate this statement.
While in all probability the barge was afloat in a navigable stream (Mississippi River), this conclusion was never factually confirmed. Therefore the record, as presently constituted, does not contain adequate information from which the merits of the exception can be determined.
For this reason, the judgment of the lower court maintaining the defendants’ exception is reversed and the case remanded for further proceedings in accordance with the views herein expressed, reserving to the defendants the right to reurge this exception and to adduce evidence in support thereof. Costs of this appeal are to be paid by the defendants-appellees; all other costs to await the final adjudication of this matter.
Reversed and remanded.