401 So.2d 1221 (1981)
Phyllis McKnight CATA, Plaintiff-Respondent,
v.
William Arthur McKNIGHT, Defendant-Relator.
No. 14584.
Court of Appeal of Louisiana, Second Circuit.
April 14, 1981.
Kostelka, Swearingen & Street by C. Daniel Street, Monroe, for defendant-relator.
Bruscato, Loomis & Deal by Anthony J. Bruscato, Monroe, for plaintiff-respondent.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
We have been ordered to render a decision on the merits of this writ application concerning the correctness of the trial court's ruling under the Uniform Child Custody Act (LRS 13:1700 et seq.). We had earlier denied writs to the trial court's decline of jurisdiction under § 1706. The trial court determined that Louisiana was an inconvenient forum and refused jurisdiction of the husband's challenge to an out of state custody judgment granted the wife. Since the record contains no evidence with *1222 regard to the merits of which parent should have custody of the child, we must assume the Supreme Court's direction relates to our discussing the jurisdictional merits of the case and whether or not the trial court abused its discretion in declining to exercise that jurisdiction.[1]
The applicant-husband moved to Louisiana from Oklahoma with his two children in September 1980. The husband had legal custody of the two children under an Oklahoma judgment, but the wife had filed a petition to modify that custody in the Oklahoma court before the husband left for Louisiana and the husband was restrained from removing one of the children from Oklahoma. This restraint issued before applicant left Oklahoma.
In December 1980 the wife was awarded permanent custody of the two children by the Oklahoma court. She then brought an action in Louisiana to enforce the Oklahoma decree under the UCCJ law. The Louisiana district court found the Oklahoma decree to be valid and refused applicant's protestations to the contrary and his attempt to have the court exercise jurisdiction under UCCJ law to change custody to him.
It is clear that the Louisiana district court has jurisdiction under LRS 13:1702 A(2) because that section states that the court has jurisdiction where
"(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or..."
Inasmuch as the children are now living in Louisiana with their father, there is a "significant connection" with this state. LRS 13:1706, however, authorizes a trial court to decline to exercise its jurisdiction under certain circumstances. We emphasize some portions of this section.
"§ 1706. Inconvenient forum
"A. A court which has jurisdiction under this Act to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
"B. A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a curator ad hoc or other representative of the child.
"C. In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
"(1) If another state is or recently was the child's home state;
"(2) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
"(3) If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;
"(4) If the parties have agreed on another forum which is no less appropriate; and
"(5) If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in Section 1700.
"D. Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.
"E. If the court finds that it is an [inconvenient] forum and that a court of *1223 another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
"F. The court may decline to exercise its jurisdiction under this Act if a custody determination is incidental to an action for divorce or another proceeding while retaining jurisdiction over the divorce or other proceeding.
"G. If it appears to the court that it is clearly an inappropriate forum it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses. Payment is to be made to the clerk of the court for remittance to the proper party.
"H. Upon dismissal or stay of proceedings under this Section the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court.
"I. Any communication received from another state informing this state of a finding of inconvenient forum because a court of this state is the more appropriate forum shall be filed in the custody registry of the appropriate court. Upon assuming jurisdiction the court of this state shall inform the original court of this fact."
Invoking § 1706 E, the trial court ordered a stay of the proceeding in Louisiana and allowed applicant 15 days to file proceedings in the appropriate court in Ottawa County, Oklahoma. The issue before us concerns whether or not this declination constituted an abuse of discretion by the trial court.
Obviously, the existence of jurisdictional power does not require exercise of that power under the UCCJ law. See and compare Hadley v. Hadley, 394 So.2d 769 (La. App. 4th Cir. 1981); Revere v. Revere, 389 So.2d 1277 (La. 1980). Otherwise, § 1706 would be meaningless.
In this case the Oklahoma court was very familiar with the parties and had continued to exercise jurisdiction throughout the history of the case. The factors convinced the Louisiana court that Oklahoma was the [more] appropriate forum for further custody proceedings. Considering the factors listed in § 1706 C, we find the trial court did not abuse its discretion. First of all, Oklahoma was recently the home state of the respondent, the applicant, and the children. By the same token the family has a close connection with Oklahoma by virtue of their past residence. The Oklahoma court was exercising its jurisdiction when the husband brought the children to Louisiana. The trial court's ruling is not contrary to the express policy of LRS 13:1700 which calls for facilitation of the enforcement of custody decrees of other states and avoidance of relitigation of custody decisions of other states.
The judgment below is affirmed at the cost of the applicant.
NOTES
[1] The Supreme Court order reads as follows: "March 20, 1981

"Granted. Case remanded to Court of Appeal for hearing and decision on merits."