449 So.2d 640 (1984)
Dianne Benjamin Schroth, Wife of Byron SCHROTH
v.
Byron SCHROTH.
No. CA-1053.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1984.
*641 Ralph D. Dwyer, Jr., New Orleans, for plaintiff-appellant.
Archie C. Tatford, Jr., New Orleans, for defendant-appellee.
Before REDMANN, C.J., and GULOTTA, SCHOTT, BARRY and WILLIAMS, JJ.
BARRY, Judge.
This appeal is from a finding that Louisiana has jurisdiction over this child custody dispute.
Plaintiff Dianne Benjamin Schroth and defendant Byron Schroth were separated and divorced in Orleans Parish. In September, 1981 plaintiff was granted custody of their 32-month old daughter (by consent) subject to visitation by defendant. On October 25, 1981 plaintiff and the child moved to New Jersey and have resided there since. In November, 1981 defendant filed a writ of habeas corpus in Orleans Parish to force plaintiff to comply with his visitation rights. The trial court granted the writ, but plaintiff did not appear and was never served with the judgment. In November, 1982 plaintiff's new husband filed a petition to adopt the child in New Jersey. Defendant opposed the adoption and the matter was abandoned.
In February, 1983 defendant filed a custody petition in Orleans District Court and plaintiff's exception to the court's jurisdiction was overruled. Plaintiff appeals claiming the court did not have jurisdiction under the Uniform Child Custody Jurisdiction Act and service of the habeas corpus writ via the Long Arm Statute was improper.
In 1978 Louisiana adopted its version of the Uniform Act whose general purposes are in LSA-R.S. 13:1700. Its intent is to avoid jurisdictional competition between states, eliminate child snatching, and assure that litigation occurs in the forum having the closest connection to and the maximum amount of evidence concerning the child and family. Predominant concern is the best interest of the child.
The Act prescribes a set of jurisdictional tests to determine if the state has the power to render a decision that will be recognized by other states. It has been suggested that the tests are in descending preferential order.[1] LSA-R.S. 13:1702 sets forth the situations over which Louisiana has jurisdiction for the initial custody decree or its modification. The statute provides in part:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the *642 child's present or future care, protection, training, and personal relationships;[2]
* * * * * *
Section 1701(5) defines "Home State" as: [T]he state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.
In Revere v. Revere, 389 So.2d 1277 (La. 1980) the court discussed whether Louisiana had jurisdiction to modify a prior Louisiana custody decree. The case presented a close question as to what was the child's "home state", but the Supreme Court pretermitted the issue and decided on the "substantial connection" standard, 1702(A)(2). However, comments regarding the "home state" were made in dicta:
The "home state" standard provides a jurisdictional concept which is easy to apply without need of further inquiry. Under this rule jurisdiction is automatic if the child lived in Louisiana with a parent or a person acting as a parent for at least six consecutive months at the time the proceeding was commenced, or if the child within six months of commencement is removed from Louisiana or retained elsewhere while the parent or person acting as a parent continues to live in Louisiana.
The theory is that the court of the home state is in the best position for evidence gathering and for exercising continuity of control, so that when the home state has jurisdiction, courts of other states should generally defer to and cooperate with that jurisdiction. Id. at 1279.
As to the "significant connection" the Revere court said:
The "significant connection" standard is a more flexible one, based on strong contacts of the child and the contestant with the state in which the proceeding is commenced. This standard provides a "best interest" basis for jurisdiction when Louisiana has a legitimate concern as to custody and has superior access to evidence concerning the child's care, training, well being and personal relationships. Revere, supra, at 1279, 1280.
The court acknowledged the possibility that jurisdiction might exist concurrently in more than one state under both standards and, when this occurs, the significant connection state need not defer to the home state in every case. We find no such conflict in this case.
We are satisfied that New Jersey, and not Louisiana, is clearly the home state. The mother and child moved to New Jersey on October 25, 1981. Six months later New Jersey succeeded to "home state" status and has maintained that standing. The custody petition was filed February 2, 1983 at which time New Jersey had been the statutory "home state" for nine months. Clearly, the longer the child (and custodial parent) reside in the "home state", the stronger that state's connection and the less likely another state will have a "significant connection" sufficient to outrank "home state" jurisdiction.
To establish a "connection" sufficient for jurisdiction in Louisiana, the defendant must demonstrate:
1. That it is in the child's best interest to determine custody in Louisiana;
2. That the child and at least one parent have a significant connection to Louisiana, and
3. That there must be available in Louisiana the maximum amount of evidence concerning the child.
*643 The Commissioners' notes to the model statute[3] emphasize it is the child's interest and not the feuding parents' that is our concern. "The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state."[4] Here, the child was born and lived for 32 months in Louisiana. The child's father and apparently the grandparents are Louisiana residents. This is the extent of the contacts with Louisiana.
On the other hand, the child lived in New Jersey with her mother and stepfather for approximately 16 months at the time this proceeding was filed in Orleans. The act focuses on available evidence "concerning the child's present or future care, protection, training, and personal relationships...." (Emphasis ours.) There is no doubt the child, having lived the most recent one-third of her life in New Jersey has a greater connection there than in Louisiana.[5] She has received medical treatment there. New Jersey has optimum access to the most recent and relevant evidence and witnesses concerning the child's community, circumstances, health and personal relationships. Besides New Jersey's being the home state, it also has the more significant connection to the child.
Plaintiff's reliance on Hadley v. Hadley, 394 So.2d 769 (La.App. 4th Cir.1981), writs denied 399 So.2d 622 (La.1981) is misplaced. In Hadley the child was in Louisiana only six weeks when the petition was filed: here the child had been in New Jersey over 15 months. Hadley conceded Louisiana was not the "home state"; that designation is uncontroverted here. In Hadley Rhode Island issued the initial custody decree which it reversed, but less than two weeks later the non-custodial parent ignored the court order and brought the child to Louisiana. There is no question here of "clean hands" under the Act. The custody dispute was pending in Hadley not here. Hadley determined "significant connection" facts as of the time of trial, whereas the Act provides consideration up to "commencement of the proceeding". Hadley leans on the "best interest" standard to support its significant connection analysis; under these facts the "home state" and "significant connection" clearly support the child's best interest.
Defendant suggests that since Louisiana rendered the initial custody decree, it has continuing jurisdiction. That contention has merit if the grounds for jurisdiction meet the standards set out in the Act, LSA-R.S. 13:1702, Revere, supra; Moore v. Moore, 379 So.2d 1153 (La.App. 2d Cir. 1980); PersonsWork of the Legislature, 1978. 39 La.L.Rev. 107 (1978). Louisiana's initial jurisdiction and the presence of the father and grandparents is insufficient to support the "home state" and "significant connection" standards.
Under these facts, it is reasonable to assume that New Jersey would not recognize any judgment rendered here. Failure to recognize New Jersey's jurisdiction would undermine a major objective of the Uniform Act: to avoid jurisdictional competition and conflicting custody decrees.
Appellee also urges application of R.S. 13:1707: Jurisdiction declined by reason of conduct. This provision is operative only after it has been determined that the forum possesses either initial or modification jurisdiction. Gibson v. Gibson, 429 So.2d 877 (La.App. 3d Cir.1983). Since jurisdiction does not exist in Louisiana, jurisdiction cannot be "declined" and 13:1707 is inapplicable. We certainly can't decide if a *644 New Jersey court should "decline" jurisdiction on this basis.
The merits and procedures of the habeas corpus proceeding are immaterial. This is an appeal of the judgment overruling plaintiff's exception to jurisdiction of the Louisiana court over the subject matter. Without subject matter jurisdiction, personal jurisdiction is irrelevant.
The District Court judgment is reversed and defendant's custody petition is dismissed.
REVERSED.
WILLIAMS, J., dissents.
WILLIAMS, Judge, dissenting.
I respectfully dissent.
The majority decision is based upon facts that are not contained in the record, but only alleged in brief to this court. As an appellate court, we must render a decision based upon that evidence presented in the court below and contained in the record. Absent a showing that a trial judge erred based upon the evidence that was presented below, we cannot reverse a lower court's holding. For this reason, I find that the appellant has failed to show that the ruling of the trial court was erroneous.
NOTES
[1] Charted Territory: The Louisiana Experience with the Uniform Child Custody Jurisdiction Act. Lucy S. McGough and Anne R. Hughes, 44 La.L.Rev. 19 (1983).
[2] It has not been suggested here nor does Louisiana have jurisdiction under R.S. 13:1702(A)(3) or (4): abandonment or emergency plus physical presence and lack of any other state with jurisdiction.
[3] Uniform Child Custody Jurisdiction Act (UCCJA) Sections 1-28, 9 U.L.A. 111-70 (1968).
[4] UCCJA Section 3, commissioners' note, 9 U.L.A. 124 (1968).
[5] We note the statute provides the critical time is at the "commencement of the proceeding" and not the date of the trial, judgment or appeal. We are cognizant, however, that an additional year has passed since the proceeding was filed. The child was born January 4, 1979 and has now lived half of her five years in New Jersey.