COLE, Judge.
The single issue in this case is whether or not the Louisiana court has “continuing jurisdiction” to determine a custody matter involving a child who resides in another state with his custodial parent.
Steven Lee Fox and Helen Jeane Freder-icks were married in 1977. One child, Corey Lee Fox, was born of this marriage. The parties resided in Terrebonne Parish. In July of 1980 they separated and in September of 1980 Helen Fredericks filed a petition for separation in the Thirty-Second Judicial District Court, Parish of Terre-bonne. The trial court granted custody of the child to Ms. Fredericks, set visitation rights and ordered Mr. Fox to pay $300 monthly in child support.
In October of 1981, Ms. Fredericks and the child moved to Alabama and have resided there ever since. According to Mr. Fox’s brief, he obtained a judgment of divorce in the Seventeenth Judicial District Court, Parish of Lafourche, in June of 1982.[1]
In October of 1983 Mr. Fox filed a petition for joint custody, in the Thirty-Second Judicial District Court. Ms. Fredericks was served personally by law enforcement officials in Alabama. She filed an “Exception of Jurisdiction” alleging, among other things not at issue here, that since the child was no longer present in or domiciled in Louisiana, the Louisiana court had no juris-' diction, citing La.Code Civ.P. art. 10 A(5).
*1268 The trial court granted the exception, noting neither Ms. Fredericks nor the child had been Louisiana domiciliaries or residents since October of 1981. The court accordingly dismissed Mr. Fox’s petition for joint custody. Mr. Fox then filed this appeal.
Appellant contends the court erred in failing to recognize that the Terrebonne court, as the court of original jurisdiction, has “continuing jurisdiction” so as to be able to decide the custody matter. Appellant cites several appellate court decisions but overlooked an important Supreme Court case as well as a comprehensive set of laws which deal specifically with this issue.
La. Code of Civ.P. art. 10 A(5) states a court will have jurisdiction in a custody matter if the minor “... is domiciled in, or is in, this state.” In 1977, the Louisiana Supreme Court settled the dispute among the circuits as to whether or not a Louisiana court continued to have jurisdiction over child custody matters after the child was no longer a resident of Louisiana. In Odom v. Odom, 345 So.2d 1154 (La.1977), the court held the concept of “continuing jurisdiction,” although valid in certain areas of domestic law, did not necessarily apply to cases involving custody of children who no longer resided within the state. The court cited La.Code Civ.P. art. 10 A(5) and stated that absent some “compelling reason” for the Louisiana court to continue to exercise jurisdiction, the district court in such a ease was without jurisdiction to decide the custody issue.
The “Uniform Child Custody Jurisdiction Law” (La.R.S. 13:1700 et seq.) became effective in this state on October 1, 1978. Section 1702(A)(1)[2] states jurisdiction would exist in this state if it is the home state of the child at the time the proceeding was commenced, or if it had been the child’s home state within six months of the commencement of the proceeding. At the time the rule for custody change was filed the child and his mother had been residing in Alabama for approximately two years, therefore there can be no jurisdiction under this section.
Subsection A(2) of the statute also establishes this state would have jurisdiction when to do so would be in the best interest of the child because there is a “significant connection” with this state and there is “... substantial evidence concerning the child’s present or future care ...” available in this state. There is nothing in the record to indicate the existence of either of these two factors. The child moved from Louisiana to Alabama when he was three *1269 and a half years old. He has resided in Alabama, with his mother, for the past three years. The fact that he was born in this state and the fact that his father resides here do not outweigh the greater “connection” he has with his state of domicile, Alabama. Concerning the availability of evidence, a court would undoubtedly be interested in gathering information about the child’s present living conditions and lifestyle when considering any modification of the custody order. This evidence would be more readily available if the matter were heard in Alabama.[3]
We conclude that Alabama, as the state where the child and his mother have lived for several years, has a far greater interest in this matter than Louisiana and is the more appropriate forum to determine the custody issue. The trial court did not err in concluding it was without jurisdiction. For these reasons, the judgment of the trial court is affirmed. Costs are to be paid by appellant.
AFFIRMED.

. There is no copy of the divorce judgment in the record; however, the existence of the divorce judgment is not material to the issue presented.

. La.R.S. 13:1702 reads as follows:
"A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child’s home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with Paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
"B. Except under Paragraphs (3) and (4) of Subsection A, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
“C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.”

. Even if we were to determine the Louisiana court had jurisdiction over the matter, the court may decline to exercise jurisdiction if the court of another state is a more convenient forum. La.R.S. 13:1706.