477 So.2d 752 (1985)
Sheila Fry FOUCHI, wife of Frank E. Fouchi
v.
Frank E. FOUCHI.
No. 85-CA-151.
Court of Appeal of Louisiana, Fifth Circuit.
September 16, 1985.
Rehearing Denied November 18, 1985.
Adelaide Baudier, Metairie, for defendant-appellant.
Joan B. Montero, New Orleans, for plaintiff-appellee.
Before BOUTALL, KLIEBERT and GRISBAUM, JJ.
GRISBAUM, Judge.
The single issue presented is whether the trial court erred in maintaining the appellee-wife's exception to subject matter jurisdiction over a child custody dispute. We affirm.
The appellee, Sheila Fry, married the appellant, Frank Fouchi, in Panama City, Florida, in August, 1957. In September, 1960, they established their matrimonial domicile in Jefferson Parish, where it remained until their separation on January 2, 1979. Their divorce became final on February 6, 1981. Seven children were born of the marriage, and the wife was granted custody of the two youngest children, Sabrina Ann and Shawn Thomas. In 1979, after the custody award, Sabrina and Shawn moved to North Carolina with their mother and have since there resided. Shawn has returned to Louisiana only for court-ordered visitation with his father. Sabrina is now a major; therefore, Shawn is the only child whose custody is in dispute.
The procedural history shows that on July 6, 1984, the husband petitioned for a change of custody of Shawn. Thereafter, the wife excepted to the court's jurisdiction, and on August 3, 1984, the exception was maintained. On September 4, 1984, the husband moved for a new trial, supported by memorandum and affidavits, which was denied. Thereafter, this appeal ensued.
In 1978, Louisiana adopted its version of the Uniform Child Custody Jurisdiction Law (Louisiana Revised Statute 13:1700 et seq.). Section 1702(A)(1)[1] states that jurisdiction over a custody matter exists in this state if it is the home state of the child at *753 the time the proceeding was commenced, or if it has been the child's home state within six months of the commencement of the proceeding.
Our record reflects that at the time the rule for custody change was filed by the husband the child and his mother had been residing in North Carolina for approximately two years; therefore, there can be no jurisdiction under this section.
As an additional basis for exercise of custody jurisdiction, Section 1702(A)(2)[2] of the statute establishes this state has jurisdiction when its making a custody determination is in the best interest of the child because there is a "significant connection" with this state and there is "... substantial evidence concerning the child's present or future care ..." available in this state.
We find there is nothing in the record to indicate the existence of either of these two factors. In fact, the record shows that in 1979, after the custody award, the mother and the child in question moved to and have remained in North Carolina. That he was born in this state and that his father resides here do not outweigh the greater connection the child has with his state of domicile, North Carolina. Therefore, we find that North Carolina, not Louisiana, has a far greater interest in this matter and is the more appropriate forum to determine the custody issue. Accordingly, the trial court did not err in concluding it was without jurisdiction.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] This section reads:

A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or ...
[2] This section reads:

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or ...