GULOTTA, Judge.
Plaintiff-father, a Louisiana resident, appeals from the dismissal of his rule for contempt and for expansion of his visitation rights with his children, who reside with their mother in Texas. The trial court maintained the mother’s exception of lack of jurisdiction, concluding that Texas was the state of proper jurisdiction under the Uniform Child Custody Jurisdiction Law, LSA-R.S. 13:1700 et seq. We affirm.
The parties were married in Louisiana on May 11, 1979, and resided in New Orleans. After filing for separation in Orleans Parish on January 17, 1983, the mother moved with her two minor children to Texas where they have lived since May 30, 1983. The Orleans Parish Civil District Court granted a separation on June 28, 1983, giving sole custody of the children to the wife, subject to reasonable visitation by the father whenever he was in the children’s city of residence and for one week during summer vacation, Christmas vacation, and alternate Easter holidays. On February 24, 1984, the parties obtained a judgment of divorce, which adopted the previous orders of custody and visitation.
On July 9, 1984, the father filed a “Rule for Contempt” in Orleans Parish, seeking to hold the mother in contempt of the prior judgment for depriving him of his visitation rights. The father also sought an extension of his visitation with the children on alternate week ends, for two months each summer, and one week each year at Christmas and Easter.
The trial court maintained the mother’s exception to the Louisiana jurisdiction and dismissed the father’s rule. Citing LSA-R.S. 13:1702, the trial judge concluded that Louisiana lacked jurisdiction to modify the prior visitation decree because Texas had obtained jurisdiction as the “home state” of the children and had a more “significant connection” with them within the meaning of the statute, through their residence in that state since May, 1983.
Appealing, the father contends the Uniform Child Custody Jurisdiction Law, LSA-R.S. 13:1700 et seq, only deals with custody hearings and does not apply to his rule to enforce visitation privileges. In this regard, he points out that the Orleans Parish Civil District Court, which initially decided the visitation issue, still retains continuing jurisdiction over the parties and subject matter to implement its prior orders and to consider a request to extend visitation rights. The father further argues that the trial court erred in failing to conclude that the mother has submitted herself to Louisiana’s jurisdiction by actively participating in the prior separation, custody, visitation, and divorce proceedings. We disagree.
We reject the husband’s argument that the Uniform Child Custody Jurisdiction Act does not apply to visitation disputes. As provided in LSA-R.S. 13:1700(A)(1), this statutory scheme is designed to avoid jurisdictional competition and conflict between courts of different states in matters of child custody. LSA-R.S. 13:1702 sets forth the jurisdictional requirements for Louisiana courts to make a “child custody determination by initial or modification decree.” (Emphasis ours) Significantly, LSA-R.S. 13:1701(2) the “Definitions” section of the Act, defines a “custody determination” as “a court decision and court orders and instructions providing for the custody of a child, including visitation rights_” (Emphasis ours) We therefore conclude that the statute applies to disputes about visitation as well as custody, and that the trial judge did not err in applying LSA-R.S. 13:1700 et seq to the instant case.
We likewise reject the father’s argument that the Louisiana court retains continuing jurisdiction since the rendition of the initial custody decree and the mother’s earlier submission to Louisiana’s jurisdiction during the separation and divorce proceedings. Under similar circumstances, in Schroth v, Schroth, 449 So.2d 640 (La. *782 App. 4th Cir.1984), we rejected the identical argument.
In Schroth, the mother and child had resided in New Jersey for sixteen months before the father filed a custody petition in Orleans Parish. Even though the parties had separated and divorced earlier in Orleans Parish, we concluded that New Jersey, not Louisiana, was clearly the “home state” within the meaning of LSA-R.S. 13:1702, and that New Jersey had a greater connection to the child because it had access to the most recent relevant evidence concerning her community, circumstances, health, and personal relationships during the most recent one-third of her life. We held that Louisiana’s initial jurisdiction in the case and the residence of the father and grandparents here were insufficient to support the “home state” and “significant connection” standards for jurisdiction under LSA-R.S. 13:1702.
Similarly, in Fouchi v. Fouchi, 477 So.2d 752 (La.App. 5th Cir.1985), our brothers on the Fifth Circuit held that North Carolina had a far greater interest than Louisiana to determine custody where the child had moved with his mother to North Carolina for approximately two years prior to the father’s rule for custody change and where the child’s periodic return to Louisiana for court-ordered visitation with his father did not outweigh the child’s greater connection with his new state of domicile.
Likewise, in the instant case, the children have resided in Texas since May, 1983, over one year before the father’s rule to modify visitation. At the time of the hearing on the rule, the then seven year old daughter and the three year old son were living with their mother and step-father in Beaumont, were enrolled in third grade and pre-school programs, and had a settled routine of extracurricular activities. Notwithstanding the Louisiana court’s former jurisdiction during the separation and divorce, it is clear that Texas, not Louisiana, has jurisdiction under LSA-R.S. 13:1702 as the “home state” of the children and the state with the significant connection to decide the visitation issue in the children’s best interest. Because Louisiana lacks jurisdiction under these facts, we conclude the trial judge properly applied LSA-R.S. 13:1700 et seq to dismiss the husband’s rule.
Accordingly, the judgment is affirmed.
AFFIRMED.