494 So.2d 1275 (1986)
Donna Lemon Bracken COUNTS, Plaintiff-Appellant,
v.
Kenny BRACKEN, Defendant-Appellee,
Mrs. Alice Pippens, Intervenor-Appellee.
No. 18007-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
*1276 Travis M. Holley, Bastrop, for plaintiff-appellant.
Rankin, Yeldell, Herring & Katz by Stephen J. Katz, Bastrop, for intervenor-appellee.
Before MARVIN, JASPER E. JONES, and LINDSAY, JJ.
MARVIN, Judge.
In this appeal we hold that the exercise of [continuing] jurisdiction by the Louisiana court that rendered a 1977 divorce and custody judgment to award visitation privileges to a Louisiana grandparent in 1985 is proscribed by UCCJA when the custodial parent and the child continually remained in Arkansas after moving there shortly after the divorce. LRS 13:1700 et seq., § 1702; Moore v. Moore, 379 So.2d 1153 (La.App.2d Cir.1980); Wagner v. Wagner, 482 So.2d 780 (La.App. 4th Cir.1986), writ denied.

FACTS
The judgment that is appealed was rendered on November 7, 1985, in favor of the paternal grandmother after the trial court overruled the mother's exceptions of personal and subject matter jurisdiction and of forum non conveniens.
When the divorce was granted, the mother and father, the child, and the maternal and paternal grandparents lived in Louisiana where the child was born about 1973. Shortly after the divorce the mother and child and the maternal grandparents moved to Batesville, Arkansas.
The paternal grandmother visited the child from time to time in Arkansas, but acknowledged that the child has never returned to or visited anyone in Louisiana. The paternal grandmother sought recognition of reasonable visitation privileges, complaining that she had been allowed to visit her granddaughter only on limited occasions and in the presence of the maternal grandparents. We reverse the judgment appealed and render judgment sustaining the exception of lack of subject matter jurisdiction and dismissing the grandmother's action. CCP Arts. 932, 2164; LRS 13:1702.

HOW JURISDICTION IS LIMITED BY UCCJA
Jurisdiction over subject matter is the legal power and authority of a court to hear and resolve a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. CCP Art. 2. This jurisdiction cannot be conferred by consent of the parties. A judgment rendered by a court without subject matter jurisdiction is void. CCP Art. 3.
A reviewing court can question subject matter jurisdiction even if an exception of lack of subject matter jurisdiction has been overruled by the trial court and is not being urged on appeal. Sears, Roebuck and Company v. City of New Orleans, 238 La. 936, 117 So.2d 64 (1960); Gravois v. Travelers Indemnity Company, 173 So.2d 550 (La.App. 1st Cir.1965), writ denied.
LRS 9:572 A, which allows a court to grant reasonable visitation rights to the parents of a divorced party who does not have custody of his or her minor child, was the basis of the visitation granted below. That statute does not mention the jurisdictional aspects of such an action.
The Uniform Child Custody Jurisdiction Act, LRS 13:1700 et seq., is applied to interstate child custody disputes to ensure that custody determinations will be made in the state which can best determine the interest of the child. "Custody determination" is defined as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights[.]" LRS 13:1701(2).
*1277 The UCCJA is applicable to visitation disputes between parents when other aspects of custody are not at issue. Moore v. Moore, supra; Wagner v. Wagner, supra. Other states have applied UCCJA to a visitation dispute between grandparents and the custodial parent of a child. See Kudler v. Smith, 643 P.2d 783 (Colo.App. 1981), cert. denied 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78. We hold that a Louisiana court's jurisdiction over interstate disputes concerning grandparent visitation is governed by UCCJA.
The jurisdictional authority and limitations of UCCJA are found in § 1702 A, Parts (1) and (2) of which are pertinent here:
A. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]
Neither provision supports the Louisiana court's exercise of jurisdiction under the circumstances of this record.
Louisiana is not and has not been the child's home state since 1977. "Home state" means the state in which the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months immediately preceding the institution of the action. § 1701(5). The trial court had no authority to exercise "home state" jurisdiction under § 1702 A (1).
The trial court's exercise of jurisdiction under § 1702 A (2) is also not supported because the child had no connection whatsoever with Louisiana since 1977 and it is obvious that substantial evidence concerning the present or future care, protection, training and personal relationships of the child cannot be found in Louisiana.
The purpose of § 1702 A (2), according to the Comments to the Uniform Laws Annotated, Vol. 9, § 3,
... is to limit jurisdiction rather than to proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state. The submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state. Divorce jurisdiction does not necessarily include custody jurisdiction. (First emphasis provided.)
Here, Arkansas, rather than Louisiana, has maximum contacts with the child and has optimum access to relevant evidence about the child and her family. The fact that the child was born in Louisiana and the fact that her paternal relatives live here do not outweigh the greater connection she has with Arkansas, where she has been domiciled since 1977. Schroth v. Schroth, 449 So.2d 640 (La.App. 4th Cir. 1984); Fredericks v. Fox, 457 So.2d 1267 (La.App. 1st Cir.1984); Fouchi v. Fouchi, 477 So.2d 752 (La.App. 5th Cir.1985), writ denied.
In each of the last cited cases, and in Wagner v. Wagner, supra, the original custody determination had been made by a Louisiana court. When a post-divorce change in custody or visitation was sought *1278 by the noncustodial parent within a year or two after the child and the custodial parent had moved from Louisiana to another state, the Louisiana court was held to have been without subject matter jurisdiction to modify its original judgment.
LRS 13:1713 A limits the authority of courts in one state to modify a custody decree that was rendered in another state:
A. If a court of another state has made a custody decree, a court of this state shall not modify tht decree unless it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this Part or has declined to assume jurisdiction to modify the decree and the court of this state has jurisdiction.
The Commissioner's Comments, explaining our § 1713 A, in Uniform Laws Annotated, Vol. 9, § 14, state:
Courts which render a custody decree normally retain continuing jurisdiction to modify the decree under local law. Courts in other states have in the past often assumed jurisdiction to modify the out-of-state decree themselves without regard to the preexisting jurisdiction of the other state ... In order to achieve greater stability of custody arrangements and avoid forum shopping, subsection (a) declares that other states will defer to the continuing jurisdiction of the court of another state as long as that state has jurisdiction under the standards of this Act. In other words, all petitions for modification are to be addressed to the prior state if that state has sufficient contact with the case to satisfy section 3 [LRS 13:1702]. The fact that the court had previously considered the case may be one factor favoring its continued jurisdiction. If, however, all the persons involved have moved away or the contact with the state has otherwise become slight, modification jurisdiction would shift elsewhere. (Our emphasis.)
The UCCJA requires then that the court which rendered the prior custody decree must meet the jurisdictional requirements of the UCCJA when modification is sought. Otherwise, the modification jurisdiction "shifts" and that court's authority to modify its original decree is proscribed.
We recognized this shifting of modification jurisdiction in Moore v. Moore, supra. There the parties had been divorced and custody of their child had been awarded to the mother by judgment of a New Mexico court. The mother and child moved to Louisiana, where the mother sought a reduction in the father's visitation privileges and an increase in child support. We overruled the father's exception of lack of subject matter jurisdiction and remanded for trial.
There, the Louisiana trial court had jurisdiction to modify the New Mexico decree because it was found that New Mexico no longer satisfied UCCJA jurisdictional requirements and Louisiana did satisfy those requirements. New Mexico was no longer the child's home state since the child had lived in Louisiana for eight months. New Mexico's only connection with the child consisted of the child's prior residence there and the father's continued residence there. Those facts were not deemed either to continue or to establish a significant connection between the child and New Mexico. New Mexico also lacked substantial evidence concerning the child even though the father remained there.
A judgment awarding grandparental visitation rights is a modification of an original custody judgment because it affects custody. Louisiana's continuing jurisdiction to modify a custody decree must yield to the limitations and the stated policy of UCCJA as enacted by the Louisiana Legislature.
Revere v. Revere, 389 So.2d 1277 (La. 1980), is not authority for the Louisiana court's exercise of jurisdiction. There, the child had lived in Texas for only six months and had spent the remainder of his four-year life in Louisiana. Here, the child spent the first three years of her life in Louisiana but has had no contact with Louisiana during her nine-year residence in Arkansas. The amount of time the child has spent in Louisiana, while not controlling, is *1279 but one factor reflecting the child's connection with Louisiana and the availability of evidence in Louisiana concerning the child. In Revere, the child had a continuing relationship with family members in Louisiana and most of the evidence on the issues raised in the action to modify custody involved events occurring in Louisiana. Here, the child's relationships have been maintained in Arkansas and the factual complaints alleged in the paternal grandmother's action for visitation refer to events which occurred only in Arkansas.
Pre-UCCJA cases also recognized that post-divorce jurisdiction to modify custody did not always "continue." See Odom v. Odom, 345 So.2d 1154 (La.1977); Nowlin v. McGee, 180 So.2d 72 (La.App.2d Cir.1965), writ denied.
Jurisdictional analysis, as required by LRS 13:1702 A (1) and (2), compels the conclusion that the trial court did not have subject matter jurisdiction under UCCJA.
The trial court's judgment is reversed and judgment is hereby rendered in favor of the exceptor-mother sustaining the exception of lack of subject matter jurisdiction and dismissing the action of the paternal grandmother. All costs, here and below, are assessed to the grandmother.
REVERSED AND RENDERED.