GOTHARD, Judge.
This appeal arises from a suit to establish filiation and obtain child support. The defendant seeks relief from a judgment setting child support and awarding medical expenses incurred in connection with the child’s birth. Paternity was stipulated in a prior consent judgment. The appellant now challenges the subject matter jurisdiction of the Louisiana courts and asserts that all previous judgments in the matter are nullities. A Mississippi court had dismissed a prior suit, allegedly on the defendant’s objection to venue.
Devin Nicole Custer was born on April 11, 1986 to Nancy C. Custer in Jefferson Parish. The mother alleges in her petition, filed January 5, 1987, that she and James T. Bryant lived together and had sexual relations only with each other from July, 1985 until April, 1986. She alleges that Bryant is a resident and domiciliary of Jefferson Parish, Louisiana, while her stated domicile and residence is Jackson, Mississippi. The petition contains a show cause order to determine why the temporary restraining order issued that day should not be made a permanent injunction and why Bryant should not be compelled to submit to blood tests. Bryant answered with a general denial.
The defendant failed to appear for blood testing ordered by the court and on September 14, 1987 was adjudged in contempt and ordered incarcerated for 30 days. Bryant filed a suspensive appeal. On March 8, 1988 the parties entered into a consent judgment with the following provi *554 sions: 1) that the contempt judgment be annulled; 2) that Bryant’s appeal be dismissed; 3) that Bryant be found to be the natural biological father of Devin Nicole Custer; and 4) that he carry the child on his major medical and hospital insurance policy. On May 18,1988 trial of the rule to fix child support and ancillary matters was held. At the beginning of the hearing Bryant’s attorney informed the court that his client had declined to appear and failed to produce documents subpoenaed by the plaintiff. He asked the court’s leave to withdraw from the case, and the judge gave him permission at the close of the hearing. The court rendered judgment from the bench, setting child support at $750 per month, retroactive to the date of filing, December, 1986, plus all medical and dental expenses of the child. He further ordered Bryant to pay Ms. Custer’s hospital and physician’s expenses related to the child’s birth, plus the costs of the suit. After rendering judgment the judge stated that the court permitted the attorney, Mr. Thompson, to withdraw. A judgment incorporating the above provisions was signed on June 16, 1988.
The defendant raises the following issues: whether Louisiana had subject matter jurisdiction to establish paternity and child support if the child was not domiciled or residing in the state; whether the court had authority to award medical expenses for the mother and child incurred before the suit was filed; and whether the child support was incorrectly awarded retroactive to December 1, 1986.

Subject Matter Jurisdiction

Louisiana Code of Civil Procedure articles 2, 3, and 10 are applicable to this case and read as follows, in pertinent part:
Art. 2. Jurisdiction over subject matter
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. Art. 3. Same; cannot be conferred by consent
The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.
Art. 10. Jurisdiction over status
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(8) Unless otherwise provided by law, an action to establish parentage and support or to disavow parentage if the child is domiciled in or is in this state, and was either born in this state, born out of state while its mother was domiciled in this state, or acknowledged in this state....
The exception of lack of subject matter jurisdiction may be raised at any time, even on appeal. Sears, Roebuck and Company v. City of New Orleans, 238 La. 936, 117 So.2d 64 (1960). Subject matter jurisdiction may not be waived or conferred by consent. Counts v. Bracken, 494 So.2d 1275 (La.App. 2nd Cir.1986). The exceptor has the burden of presenting sufficient evidence, documentary or testimonial, to sustain the merits of his exception. Mott v. Fireman’s Fund American Insurance Company, 247 So.2d 924 (La.App. 4th Cir.1971).
Under the circumstances of this case, for Louisiana to have jurisdiction over status, it must be shown that Devin was domiciled or residing in the state at the time the petition was filed. It is not disputed that she was born at East Jefferson Hospital, Metairie. See Sharff v. Tanner, 486 So.2d 1047 (La.App. 2nd Cir.1986). The appellant argues that Devin’s domicile is Jackson, Mississippi, the domicile of her mother, under LSA-C.C. art. 39 and 256; as noted above, Ms. Custer stated her domicile as Mississippi but did not state the domicile or residence of the child. However, the plaintiff submits on appeal her affidavit attesting that “on January 5, 1987, Devin Nicole Custer was residing with my aunt and uncle in Jefferson Parish, State of Louisiana *555 and remained there for a period of time thereafter.”
Although the defendant has delayed the progress of this case by failing to comply with orders of the court, he did submit to Louisiana’s jurisdiction until this appeal. It is difficult for this court to see why any question of jurisdiction was not noticed and resolved much earlier in the proceedings. Unfortunately, under the existing circumstances we must remand for an evidentiary hearing on the jurisdiction of Louisiana over the subject matter, as the law does not permit such jurisdiction by consent. It is unclear from Ms. Custer’s petition whether the child was residing in or present in Louisiana at the time of filing, and it may be presumed from the petition that she was in fact domiciled and residing in Mississippi. The mother of an illegitimate, unacknowledged minor child is the natural tutor and the child’s domicile is thus that of his or her mother, unless otherwise decreed. LSA-C.C. arts. 39, 256(A). The remand is necessary because the record before this court provides insufficient information for us to determine the correctness of subject matter jurisdiction here.
We agree with the appellee that the consent judgment, dated March 3, 1988 and stipulating paternity, is definitive, as no appeal was taken. It can only be attacked now by an action of nullity brought in ordinary form. La.C.C.P. art. 2002. Consequently, the determination of paternity is still in effect, as is the order that Bryant carry Devin on his major medical and hospitalization policy. This appeal applies only to the judgment of June 16, 1988.
We shall consider and rule upon the remaining issues under the assumption that the trial court will find jurisdiction is proper.

Medical Expenses at Birth of Child

The appellant complains of the reimbursement of $4,400 in medical expenses connected with the birth of the child, because she did not demand the expenses in her petition. Over the objection of Bryant’s attorney, the trial court accepted the supporting bills into evidence. There is a precedent for condemning the father to pay the natal expenses in McConkey v. Pinto, 305 So.2d 469 (La.1974); however, in that case the child’s mother had specifically made a plea for natal expenses. As Ms. Custer failed to make demand for her medical expenses or seek general relief in her petition, we find that the claim was not properly before the court and reverse.

Support Award

The appellant does not dispute the amount of the support award but asserts that support should be retroactive to January 5, 1987, the date of filing the petition, rather than December 1, 1986. The transcript indicates that the beginning date of December 1, 1986 was set in accordance with Ms. Custer’s erroneous statement that the petition was filed in December, 1986. Her counsel explained:
This is a new suit to establish support. To fix a child support award. And the statute allows us to go back to the petition for filiation.
The only petition in the record is that filed on January 5, 1987. Accordingly, we amend the judgment to provide for monthly support payments to begin January 5,1987.
For the reasons assigned above we remand the case to the trial court for the limited purpose of trial of the exception of lack of subject matter jurisdiction; we reverse and set aside that part of the judgment awarding $4,440 to Nancy C. Custer for out of pocket medical expenses relative to the birth of the minor child; we amend the judgment to provide monthly child support beginning on January 5, 1987; and in all other respects we affirm.
REMANDED IN PART, REVERSED IN PART, AMENDED IN PART, AND AFFIRMED IN PART.