545 So.2d 666 (1989)
James C. MARTIN
v.
Charlotte Wyatt MARTIN.
No. 89-CA-92.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
Lowe, Stein, Hoffman & Allweiss, Terence L. Hauver, New Orleans, for appellant.
Susan C. Severance, Lafayette, for appellee.
Before CHEHARDY, C.J., and GRISBAUM and GOTHARD, JJ.
*667 CHEHARDY, Chief Judge.
On appeal we are called upon to determine whether Louisiana has jurisdiction over this child custody dispute. We find that it does not. Accordingly we reverse the district court judgment, sustain the exception, and dismiss the motion to change custody and visitation.
Procedurally the case comes before us on the father's appeal from a judgment dismissing his exception to subject matter jurisdiction. This district court ruling had the effect of maintaining Louisiana jurisdiction over the mother's motion to alter custody and visitation.
LSA-C.C.P. art. 2083 allows the appeal of a final judgment or of an interlocutory judgment which causes irreparable harm. Kyle v. Kyle, 358 So.2d 708 (La. App. 3 Cir.1978), held that a judgment overruling an exception of lack of subject matter jurisdiction was a nonappealable interlocutory judgment. In that case, the court held that the expense of litigating custody in an inconvenient forum did not constitute irreparable injury; it dismissed the appeal. We agree that the judgment before us is interlocutory, but decline to follow Kyle. See Schroth v. Schroth, 449 So.2d 640 (La. App. 4 Cir.1984). Instead we will exercise our supervisory jurisdiction and address the merits of the jurisdiction-over-custody issue. Duehring v. Vasquez, 490 So.2d 667 (La.App. 2 Cir.1986). See also Cata v. McKnight, 401 So.2d 1221 (La.App. 2 Cir. 1981), writ granted, 404 So.2d 264 (La. 1981), wherein the Supreme Court reversed the appellate court writ denial and ordered that court's consideration of jurisdiction over custody. Cf. Revere v. Revere, 389 So.2d 1277 (La.1980).
James C. Martin, the father, and Charlotte Wyatt Martin, the mother, were married in 1968 in Lafayette, Louisiana. Their sons, James W. and John, were born in 1970 and 1977. For 13 years, the couple and their sons lived in Jefferson Parish.
In August 1984, James C. Martin physically separated from his wife; in June 1985, he gained physical custody of his sons. In July 1985 he sued for legal separation from his wife. Although each party had moved from Jefferson to Lafayette Parish, the separation suit was instituted in Jefferson, the site of the last matrimonial domicile. In petition James C. Martin prayed for and was granted temporary legal custody of his sons, pending hearing on the merits of the separation.
For the 1985-1986 school year, James W. and John lived with their father in Lafayette, Louisiana. In the fall of 1986, they moved to New Jersey. In June 1987 James C. Martin and his sons moved to Dallas, Texas, where they now reside. Charlotte Wyatt Martin remained domiciled in Lafayette, Louisiana.
On November 23, 1987 the Martins were granted a legal separation under LSA-C.C. art. 138(9) and a divorce under LSA-R.S. 9:301. Despite numerous motion fixings, the issue of permanent custody has never been tried on the merits.
In March 1988 Charlotte Wyatt Martin filed a motion for permanent sole custody of her sons. In response, James C. Martin filed a declinatory exception attacking the court's jurisdiction. He argued that as Texas was the "home state" of the minors, the Jefferson Parish court in Louisiana had no jurisdiction over the custody proceeding. Alternatively he sought an order to transfer the proceeding to the district court in Dallas, Texas, the more convenient forum. The motions were submitted on memoranda.
The Jefferson Parish court dismissed the exception to jurisdiction. The district judge reasoned that as James C. Martin had chosen Jefferson Parish as the original forum for the separation suit, and had argued that it was the "most relevant" forum for the subsequent custody proceedings, he was estopped from objecting to the court's jurisdiction. Observing that the "home state" theory is but one factor considered in determining the forum state, the district court maintained jurisdiction in Louisiana in view of the underlying purpose of the Uniform Child Custody Jurisdiction Law.
As assignments of error on appeal, the father reiterates the arguments made in support of his exception. He claims that *668 the district judge committed error in retaining subject matter jurisdiction over the custody proceeding, and in not transferring the litigation to Texas, the more convenient forum. The mother, conversely, urges that we affirm the district court judgment, arguing that the "best interest" theory supports a finding of Louisiana's continuing jurisdiction over the custody dispute.
The Uniform Child Custody Jurisdiction Law, LSA-R.S. 13:1700 et seq, governs our decision that Louisiana lacks jurisdiction over the custody proceeding. The statute, currently in force in all 50 states, was enacted to avoid jurisdictional competition and instead to promote interstate cooperation, assistance and the exchange of information in child custody decisions and decrees. Of the statute's nine enumerated purposes only one directly relates to the selection of a particular forum for custody litigation. Part (A)(3) provides that the statute's aim is to:
"Assure that litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and to assure that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state."
Stated another way, one paramount purpose of the Uniform Law is to promote the resolution of custody disputes by the forum deemed most likely to have the maximum amount of relevant information about the case. McGough and Hughes, Chartered Territory: The Louisiana Experience with the Uniform Child Custody Jurisdiction Act, 44 La.L.Rev. 19, 28 (1983). Under the statute's directive, we examine whether Louisiana is the proper forum to entertain the mother's motion to change custody. Because James W. Martin attained majority in April 1988, the issue of jurisdiction over custody now concerns only John C. Martin, aged 12.
R.S. 13:1702 sets forth the jurisdictional instances in which a Louisiana court is empowered to make a custody determination by initial or modification decree. Of the four, the first two, "home state" and "significant connection", are pertinent to the custody dispute at issue.
A Louisiana court has jurisdiction to adjudicate custody issues if it "(i) is the home state of the child at the commencement of the proceeding, or (ii) had been the child's home state within six months before the commencement of the proceeding...." R.S. 13:1702(A)(1). "Home state" is, "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months...." R.S. 13:1701(5). The father argues that "home state" jurisdiction lies in Texas. The mother summarily asserts Louisiana's "home state" jurisdiction, but in substance agrees with the dates reflecting the minor's change of residence.
Albeit derived from memoranda rather than from testimony, the facts of record reflect that the father and his son John have not lived in Louisiana since, at the latest, September of 1986. In May or June of 1987 they moved to Dallas, Texas, where they currently reside. At the time the mother filed her March 1988 custody motion, and for the preceding 16 months, Louisiana was not the home state of the minor John C. Martin. Fredericks v. Fox, 457 So.2d 1267 (La.App. 1 Cir.1984). Louisiana has no jurisdiction under this theory to rule on the issue of his custody.
The mother raises but does not brief the contention that the December 1985 custody order is not a "considered decree." The order granting the father temporary custody was issued ex parte. Hearing on the merits of the separation claim was continued from the December 5, 1985 motion fixing. On that date, the Martins reached an agreement under which the father retained custody and the mother's visitation schedule was established. The agreement is preserved in the record as a court minute entry.
It might be said that the agreement represents a "considered decree" such that the mother's motion before the district court *669 was a motion to modify an existing decree. If, alternatively, the ex parte order had no judicial effect, what the mother sought was an initial custody decree. Whether a ruling on the custody motion at the district level would have resulted in an initial or modification decree is of no consequence. Because Louisiana was not the minor's home state "at the commencement of the proceeding" when the mother filed her custody motion, the district court has no jurisdiction under this theory to decide the custody issue.
The alternative basis which would support Louisiana's jurisdiction over the custody dispute is "significant connection" jurisdiction. It exists when the following criteria are fulfilled:
"(i) [T]he child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships...."
R.S. 13:1702(A)(2).
In finding that such jurisdiction existed, on facts distinguishable from those before us, the Supreme Court observed that the standard, "provides a `best interest' basis for jurisdiction when Louisiana has a legitimate concern as to custody and has superior access to evidence concerning the child's care, training, well being and personal relationships." Revere, supra, at 1279, 1280. Charlotte Wyatt Martin argues strenuously that Louisiana should retain jurisdiction under this theory. She did not prove at the district level and does not convince us on appeal that the statutory requirements for jurisdiction are satisfied.
Charlotte Wyatt Martin remains domiciled in Louisiana. Her son John moved from this state in August or September 1986. Since the summer of 1987 he has lived in Dallas, Texas, where he attends school and is involved in extra-curricular activities. At the time of the district court hearing, the child had not lived in Louisiana for more than two years. The fact that he was born in and spent his early childhood in Louisiana does not confer jurisdiction over the custody issue on our district court. Fouchi v. Fouchi, 477 So.2d 752 (La.App. 5 Cir.1985). While Louisiana may once have been the relevant forum for custody litigation, it is not now the state with the most recent significant connection to the child.
The father argues that substantial relevant information on his son's present and future care is obtainable from family friends and school officials in Texas. The mother maintains in brief that testimony on the father's harassment of her and medical evidence on the child's psychological condition and recommended treatment will derive from Louisiana witnesses. However, she does not identify as witnesses on her behalf either Dr. Warren Lowe, the Lafayette psychologist who examined the family prior to 1985, or Dr. Edward H. Shwery, who evaluated the father and sons in Louisiana.
The commissioners' notes to the model statute, from which Louisiana's Uniform Child Custody Jurisdiction Law now is derived, emphasize that the forum for custody litigation is the state which has the maximum rather than the minimum contact with the child. UCCJA Section 3, commissioners' notes, 9 U.L.A. 124 (1968). The statute focuses on available evidence of the child's present or future care. Schroth, supra, at 643. Here the maximum relevant evidence of that care, as well as of the child's circumstances, health and personal relationships, is most readily obtainable in Texas where the child resides, not in Louisiana. Our state has no legitimate concern as to custody. Texas is the state with superior access to significant information on the child's current status. The best interest of the child, which we consider paramount, dictates that Louisiana has no jurisdiction to determine the custody of John C. Martin.
In support of its judgment retaining Louisiana jurisdiction over the custody dispute, the district court reasoned that because the father had initially selected Louisiana as the forum for litigating the separation/custody suit, he was thereafter estopped from contesting the court's jurisdiction. The record reflects that in May 1987 the mother *670 sought to transfer the custody proceeding from Jefferson to Lafayette Parish, contending that the latter was the "most appropriate and most convenient forum." The father opposed the venue transfer, arguing that Jefferson Parish had a "much closer connection to the case." Now when the mother attempts to litigate custody in Jefferson Parish, the father argues that Louisiana has no jurisdiction. It is evident that each party has or is attempting to insure that custody litigation occur in a location of his or her convenience. The nature of litigation is that each party seeks to gain the position of advantage. But neither the convenience nor the interest of the feuding parents is the primary consideration in determining jurisdiction.
The Supreme Court has held that no "continuing jurisdiction" exists over a resident mother's motion to change custody of children then residing with their custodial parent father in Texas absent "compelling reasons." Odom v. Odom, 345 So.2d 1154 (La.1977). In the case before us, neither the initial filing of suit nor the concept of estoppel present "compelling reasons" for Louisiana's exercise of continued jurisdiction. Nor is the concept of estoppel an acceptable basis of jurisdiction under R.S. 13:1702.
In reasons for its judgment, the district court cited the underlying purpose of R.S. 13:1700, without elaborating. At the outset of this opinion we identified what we perceive is the primary purpose of the Uniform Child Custody Jurisdiction Law: to insure that the custody of a child is adjudicated in the state which has the "closest connection" with and the most "significant evidence" of the child's current status and interests. A finding that Louisiana has jurisdiction over the instant custody dispute frustrates the purpose of the statute. We hold that Louisiana has no jurisdiction to determine the custody of the minor John C. Martin.
For the reasons assigned the district court judgment is reversed. James C. Martin's exception to subject matter jurisdiction is sustained. Charlotte Wyatt Martin's motion to change custody and visitation is dismissed. Appellant, James C. Martin, is cast with the cost of this appeal, Miller v. Miller, 463 So.2d 939 (La.App. 2 Cir.1985).
REVERSED AND RENDERED.