288 So.2d 71 (1974)
Georgia Price Ford SMITH
v.
Laurence Joseph FORD.
No. 5988.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
*72 William F. Wessel, George J. G. Roux, New Orleans, for plaintiff-appellant.
Sydney J. Parlongue, Philip R. Riegel, Jr., New Orleans, for defendant-appellee.
Before REDMANN and STOULIG, JJ., and FLEMING, J. Pro Tem.
REDMANN, Judge.
A mother appeals from a judgment denying her and granting the father legal custody of three children whom she had left in the physical custody of their father for almost two years.
The mother, formerly a resident of North Carolina, there on January 14, 1971 divorced their father and on January 22, 1971 agreed that the father should have physical custody of the children until August 1, 1971, without prejudice to any ultimate determination of legal custody. In late March or early April 1971 the mother moved to New Orleans, where she remarried in July 1971.
A North Carolina attorney there demanded custody for the mother in October 1971 (and again in June 1972) but the demand was dismissed when the mother did not appear. The mother testified she had employed the lawyer but never heard further from him.
Between April 1971 and December 1972 the mother saw the children three times.
On December 11, 1972 the mother took the children from their school in North Carolina, unknown to their father, and brought them to New Orleans where she filed this custody proceeding on December 14.
The husband on December 19 physically recovered the two older children and returned them to North Carolina, and on December 22 petitioned the North Carolina court for custody of all three children, obtaining on December 27 a judgment which recited the mother had been served with a December 22 order.
The father then answered the mother's Louisiana petition, asking its rejection and further asking recognition of the North Carolina decree or alternatively that the Louisiana court grant custody to himself.
The judgment appealed from rejected the wife's petition and granted custody *73 to the husband. We affirm rejection of the mother's petition. We conclude that the jurisdiction which statutes such as La. C.C.P. art. 10(5) confer on a court where a child domiciled elsewhere is merely physically present in the state is intended to be exercised, and with reasonable expectation of being respected in other states can be exercised, only when some acute exigency obliges the state to intervene for the immediate necessities of the child's welfare, in what is ordinarily the province of the state of the child's domicile.
Jurisdiction to decide custody of foreign infants in a state unrelated to them except by their brief physical presence is not a jurisdiction of choice but one of necessity. It exists because humanity could not abide a court's refusing to hear, because of jurisdictional technicalities, a child's screams from torture or despair. But a statutory grant of such transient jurisdiction is not merely another choice of custody forum, available for the convenience of a spouse. Most certainly such jurisdiction cannot be construed or suffered to invite the spiriting away of children from their long-established home by a seldom-seen parent.
One may hypothesize extreme situations in which such removal to another state and subsequent exercise of jurisdiction by that state could be justified. But no such situation is shown here.
There is not even a hint that the welfare of these children was in the least endangered by their living with their father, nor of any other possible justification for the mother having snatched the children from their home to a distant and unknown city for litigation of their custody.
In our opinion the appropriate exercise of the trial court's jurisdiction was to decline to exercise its emergency jurisdiction to determine permanent custody, and to order the mother to return the child whose physical custody she still had to the father and its home where she had allowed physical custody to remain so long.
The judgment appealed from is accordingly modified to reject the mother's demand for custody on the ground of lack of a showing justifying the exercise of jurisdiction to adjudicate permanent custody of children domiciled elsewhere; and it is affirmed insofar as it ordered the child returned to its father. Appellant is to pay costs.
Modified and affirmed in part.
STOULIG, J., dissents with written reasons.
STOULIG, Judge (dissenting in part).
I dissent from that part of the majority opinion which holds that the jurisdiction of the district court conferred by LSA-C.C.P. art. 10(5) over the custody of a child domiciled elsewhere but physically present within the jurisdiction of the court is limited to emergency situations or instances of acute exigency.
LSA-C.C.P. art. 10(5) provides that a court which is otherwise competent under the laws of this state has jurisdiction of a custody proceeding if the minor is domiciled in, or is in, this state. There is no restriction on the court's jurisdiction regardless of what method was utilized to obtain the presence of the minor in this state.
Having jurisdiction over the status of the minor's custody by virtue of the child's presence, the district court is empowered to make due inquiry in order to ascertain (1) if the manifest best interest and welfare of the child demands immediate adjustment of custody; (2) if a foreign decree awarding custody should be recognized; or (3) if it is necessary to reevaluate a prior custody award in light of the existing circumstances.
It is undisputed that the mother, a domiciliary of the Parish of Orleans, spirited her three minor children from the home of their father in North Carolina to the City of New Orleans. Within two days she *74 filed a rule seeking to be awarded custody of these minor children. The nonresident father filed no exceptions to the jurisdiction of the court but on the contrary waived any objection to the venue by filing responsive pleadings[1] seeking a recognition of a prior award of custody in the state of North Carolina or alternatively an award of custody by the district court.
After a contradictory proceeding at which evidence was adduced on behalf of both spouses, the trial court in reasons assigned from the Bench stated that the minors were physically present within the jurisdiction of the court at the time the rule was filed and that it had jurisdiction and venue to make an award of custody, which it did in favor of the father.
I am of the opinion that under C.C.P. art. 10(5) the district court had jurisdiction to entertain the proceedings and make the award of custody in favor of the father and for this reason its entire judgment should be affirmed.
NOTES
[1] LSA-C.C.P. art. 44.