313 So.2d 356 (1975)
John Charles RAFFERTY
v.
Tamara Smith RAFFERTY.
No. 6887.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1975.
Alvin J. Bordelon, Jr., New Orleans, for relator, John Charles Rafferty.
Charles C. Garretson, New Orleans, for respondent Tamara Smith Rafferty.
Before SAMUEL, REDMANN, LEMMON, GULOTTA, STOULIG, BOUTALL, SCHOTT, MORIAL and BEER, JJ.
BOUTALL, Judge.
A father sought custody of his minor children in a proceeding filed in the Civil District Court for the Parish of Orleans. The defendant mother raised exceptions to the jurisdiction, which the court maintained, and the father's suit was dismissed. He applied for relief to this court and we granted a writ of certiorari. Because the original panel which considered the writ was of the opinion that a decision in conflict with a former decision of this court might be reached, this matter was submitted to the entire court in accordance with one of our internal rules.
John Charles Rafferty and Tamara Smith Rafferty were married with three children issue thereof. They were divorced on April 4, 1973, in the State of Texas and in that divorce decree Mrs. Rafferty was given custody of the children. Mr. Rafferty continued to reside in Texas and is domiciled therein. Mrs. Rafferty, shortly after the divorce, moved to New Orleans, Louisiana, with her children where she stayed at the home of her parents. On November 24, 1974 she moved to Amherst, Mass., where she established a new domicile. The children were left with Mrs. Rafferty's parents in New Orleans until arrangements could be made to receive them in Massachusetts. There was a visitation agreement between the parties which permitted Mr. Rafferty to have visitation of the children from December 22, 1974 until January 2, 1975, when he was to send them to Massachusetts to meet their mother. Instead, after enjoying his visitation, Mr. Rafferty returned the children to their maternal grandparents in New Orleans, and they remained there contrary to the agreement between the parties, and in *357 violation of the wishes of the custodial parent, Mrs. Rafferty.
The sole issue before us is: Does the Louisiana court have jurisdiction to inquire into the custody of minor children when they are physically in the State of Louisiana contrary to the wishes of their custodial parent domiciled in another state?
The controlling statutory law is Louisiana Code of Civil Procedure Art. 10, which recites in pertinent part as follows:
"Art. 10 Jurisdiction over status
"A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* * * * * *
"(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state; * * *"
In the case of Lucas v. Lucas, 195 So.2d 771 (La.App.3rd Cir. 1966), in a factual situation wherein the father of the children flew to Mexico City and physically brought the children back to Louisiana without the knowledge of and contrary to the wishes of the custodial mother, the court interpreted the phrase "or is in, the state" to mean simply that the child be physically present in the state no matter how he came to be in the state. In reaching this conclusion the Lucas court expressed the opinion that section 5 of Article 10 simply codified the principle expressed in the case of State ex rel Girtman v. Ricketson et ux., 221 La. 691, 60 So.2d 88 (1952) in which the Supreme Court of Louisiana announced that the state having the child within its borders has the right and even the duty under the doctrine of parens patriae, to act for the best interest of the child.
In the case of Smith v. Ford, 288 So.2d 71 (La.App.4th Cir. 1974), this court on an appeal from the merits of opposing requests for custody, announced that the jurisdiction conferred upon the district court by C.C.P. art. 10(5) where a child domiciled elsewhere is merely physically present in the state can be exercised only when some acute exigency obliges the state to intervene for the immediate necessities of the child's welfare, in what is ordinarily the province of the state of the child's domicile. In that case we rejected the mother's demand for custody on the ground of lack of a showing justifying the exercise of jurisdiction to adjudicate permanent custody of children domiciled elsewhere, and affirmed the trial court judgment insofar as it ordered the child returned to its father. We now decide that the opinion expressed therein does not constitute the prevailing opinion of this court and serves as an unnecessary restriction upon the jurisdiction accorded Louisiana District Courts by C.C.P. art. 10(5).
We are of the opinion that C.C.P. art. 10(5) states in plain words that the District Court has jurisdiction of a custody proceeding if the minor is in the state. There is no restriction on the court's jurisdiction regardless of what method was utilized to obtain the presence of the minor in this state.[1]
As we now view the matter, it appears that the problems which faced us in the case of Smith v. Ford are not jurisdictional problems per se. We recognized in that case that the court had jurisdiction to consider the child's welfare. Rather the question that presents itself is a matter of conflicts of laws, that is, an inquiry into *358 whether we should grant full faith and credit to a decree of another state balanced against the right of any state to inquire into the best welfare of a child within its borders. Without jurisdiction, we cannot make such an inquiry, and certainly, without jurisdiction, we could not in that same proceeding order the child to be returned to the custodial parent. We believe this to be aptly expressed in the dissenting opinion of Smith v. Ford, page 73: "Having jurisdiction over the status of the minor's custody by virtue of the child's presence, the district court is empowered to make due inquiry in order to ascertain (1) if the manifest best interest and welfare of the child demands immediate adjustment of custody; (2) if a foreign decree awarding custody should be recognized; or (3) if it is necessary to reevaluate a prior custody award in light of the existing circumstances."
We are of the opinion that the Civil District Court for the Parish of Orleans does have jurisdiction in this matter, and accordingly, we reverse the decision appealed from, we overrule the exceptions to the jurisdiction of the court, and remand this matter for such further proceedings as the nature of the case may indicate.
Reversed and remanded.
LEMMON, J., concurs and assigns reasons.
REDMANN, SCHOTT and MORIAL, JJ., concur for reasons assigned by LEMMON, J.
MORIAL, J., concurs for the written reasons assigned by LEMMON, J.
LEMMON, Judge (concurring).
I agree that the judgment of the district court maintaining defendant's exception to the jurisdiction should be reversed. The facts of this case, however, do not give rise to the issue decided in Smith v. Ford, supra (which in my opinion was correctly decided), and therefore do not require the overruling of that case.[1]
MORIAL, Judge (concurring).
I concur for the reasons assigned by LEMMON, J.
NOTES
[1] At this point we call attention to the case of State of Louisiana in the Interest of King et al., 310 So.2d 614, case No. 55371 on the docket of the Supreme Court of Louisiana, handed down March 31, 1975, which involved juvenile proceedings under the provisions of LRS 13:1570, in which the court held that the jurisdiction in Juvenile Court relating to neglected children was not granted simply by the child being "found within the parish" but also by circumstances added by later sub-sections of the statute.
[1] In the Smith case this court inquired into the purpose of C.C.P. art. 10(5), rather than blindly applying the literal wording. Under the evidence presented this court decided that no emergency situation existed, as contemplated by the article, and that the Louisiana court did not have jurisdiction to adjudicate custody. The court then ordered the child returned to the father, according full faith and credit to the North Carolina judgment of custody in his favor.

The Supreme Court in the case of State in the Interest of King, supra, likewise inquired into the purpose of R.S. 13:1570(A) and refused to apply the literal wording, holding that the statute could not have been reasonably intended to confer jurisdiction in the situation presented.