STOULIG, Judge.
This matter is before us on a writ of certiorari from a judgment of the district court maintaining the exceptions filed by the defendant-mother that it lacked jurisdiction to inquire into the custody of minor children physically present in the Parish of Orleans.
Briefly the facts are that the defendant was granted the custody of her two sons, ages 14 and 11 years, in a divorce proceeding in Marion County, State of Indiana, in 1970. Subsequently the defendant remarried and moved with her husband to Pasca-goula, Mississippi, where she is presently residing. Allegedly on April 26, 1977, the two boys fled from their home in Pascagou-la, Mississippi, to their father’s residence in New Orleans. On April 28, the father instituted this present suit seeking the custody of his two sons alleging that in 1974 the defendant suffered a serious illness which renders her physically and emotionally unable to properly supervise her minor children. The mother filed an exception to the jurisdiction, which was maintained by the trial court and from which ruling this writ resulted.
In Rafferty v. Rafferty, 313 So.2d 356 (La.App. 4th Cir. 1975), we have previously considered the issue of jurisdiction raised by the defendant’s exceptions and have concluded that the court does possess jurisdiction to inquire into the custody of minor children when they are physically in the State of Louisiana and have even indicated the extent of such inquiry. In Rafferty, the court, sitting en banc, declared:
“We are of the opinion that C.C.P. art. 10(5) states in plain words that the District Court has jurisdiction of a custody proceeding if the minor is in the state. There is no restriction on the court’s jurisdiction regardless of what method was utilized to obtain the presence of the minor in this state.” 313 So.2d at 357.
We are of the opinion that the Civil District Court for the Parish of Orleans does have jurisdiction in this matter, and accordingly, we reverse the judgment appealed from and specifically overrule the exceptions to the jurisdiction of the court. This matter is remanded for such further proceedings as the nature of the case may warrant.

REVERSED AND REMANDED.

REDMANN, J., concurs with written reasons.