BEER, Judge.
This is a devolutive appeal from a custody award. On May 25, 1976, appellant, John Folsom, obtained a judgment of separation on the ground of abandonment, alleging that his wife, Jane, had moved to her home town in Virginia with all four children of the marriage. That judgment awarded custody pendente lite to Mrs. Folsom. Mrs. Folsom subsequently obtained a judgment of divorce in the circuit court of Southampton County, Virginia, which awarded her permanent custody of the four children: Lora Jane, John David, James and Steven.
In July of 1978, John Folsom brought two of the children, John David and Steven, to Louisiana, allegedly in accordance with his visitation rights although the testimony regarding this is conflicting.
At any rate, on July 19, 1978, Mr. Folsom filed a petition in the Civil District Court, Parish of Orleans, seeking, inter alia, custody of his three sons (the two then in Louisiana and James, who was still in Virginia), alleging unhealthy living conditions and obstruction of his visitation rights. Mrs. Folsom’s exceptions of jurisdiction rationae personae, rationae materiae, res adjudicata, no cause of action and plea of abatement were overruled, and she was enjoined from removing John and Steven from this jurisdiction pending a custody hearing. Mrs. Folsom came to Louisiana for the judicial proceedings which are the subject of this appeal but did not bring her son James, who remained in Virginia.
At the trial of this matter, Mr. Folsom unsuccessfully attempted to introduce evidence that his former wife had consistently obstructed his visitation rights as a method of bringing pressure to successfully negotiate a partition of the community property. The court sustained objections to this line of evidence, ruling that it was irrelevant to the issue of custody. After hearing, the trial judge awarded custody of John David Folsom to Mr. Folsom and ruled that custody of James and Steven should continue with their mother. The only appeal before us is by Mr. Folsom, who seeks reversal of that portion of the judgment denying him custody of James, age 9, and Steven, age 5.
In Rafferty v. Rafferty, 313 So.2d 356, 357 (La.App. 4th Cir. 1975), we noted that “. . . C.C.P. art. 10(5) states in plain words that the District Court has jurisdiction of a custody proceeding if the minor is in the state.” Accord, Jones v. Larkins, 347 So.2d 508 (La.App. 4th Cir. 1977).
In the case at bar, the children were residents of the State of Virginia pursuant to a permanent custody judgment of a Virginia court. James was not present within the jurisdiction of the Civil District Court of Louisiana, and that court lacked jurisdiction to decide the issue of his custody even though custody pendente lite had been previously determined by that court. See Odom v. Odom, 345 So.2d 1154 (La.1977).
The record supports the trial court’s apparent conclusion that Mr. Folsom failed to carry the burden of proving that the continuation of the existing custody arrangement was so deleterious to Steven as to justify removing him from the environment to which he is accustomed. State ex rel. Killman v. Gurley, 354 So.2d 755 (La. App. 4th Cir. 1978). Further, the record supports the trial court’s apparent conclusion that Mr. Folsom failed to prove that he could provide a better environment for the five year old.
Factual determinations by the trial judge in child custody matters are entitled to great weight, and his discretionary conclusions will not be disturbed in the absence of a clear showing of abuse thereof. Killman, supra.
For these reasons, the results reached by the trial court are correct, and, accordingly, the judgment is affirmed.

AFFIRMED.