424 So.2d 1200 (1982)
Rebecca Bennett PITTMAN
v.
Byron Lee GEORGE.
No. 82-CA-0337.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1201 Patrick W. Pendley, Plaquemine, for plaintiff-appellant Rebecca Bennett Pittman.
James Farrier, Baton Rouge, for defendant-appellee Byron Lee George.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
Rebecca Pittman appeals and seeks an increase in the award of child support arrearages rendered against Byron George. We affirm.

BACKGROUND FACTS
Ms. Pittman filed this suit on January 21, 1981, for child support arrearages accruing under a March 19, 1975 Mississippi divorce judgment awarding her custody of the minor child and granting her $35.00 per week child support against Mr. George, the father. By stipulation of the parties, Ms. Pittman's claim was limited to the three-year period prior to suit (January 21,1978 January 21,1981), admitting that any other arrearages had prescribed. After submission of the case upon joint stipulation, the Family Court for East Baton Rouge Parish, Judge E. Donald Moseley presiding, awarded Ms. Pittman the sum of $805.00, representing child support arrearages for the period of January 21,1978 to June 29,1978. The court held that on the latter date Ms. Pittman's right to child support was terminated by an ex parte order of Judge Leon Ford of the Twenty-First Judicial District Court, Parish of Livingston. This order granted the temporary custody of the minor child to Mr. George pending a hearing set for July 18, 1978. On August 15, 1978, Judge Samuel T. Rowe of the Twenty-First Judicial District Court ordered that custody be transferred to Mr. & Mrs. Hugh Bennett, the maternal grandparents.
On appeal, Ms. Pittman urges that the trial court erred in recognizing the judgments of the Twenty-First Judicial District Court, and that her right to child support continued to accrue until at least January 21, 1981. She contends that the Twenty-First Judicial District Court did not have jurisdiction of the proceedings and therefore, the above custody orders are nullities. Alternatively, she argues that if jurisdiction was present, the ex parte order of Judge Ford was invalid because there was no hearing or notice afforded to her, and thus no legal effect can flow therefrom.

NULLITY OF JUDGMENTS
Ms. Pittman's contentions that the Twenty-First Judicial District Court's custody orders are null constitute a collateral attack upon these judgments. However, only absolutely null judgments are subject to collateral attack. Barron v. Oden, 345 So.2d 998 (La.App. 2nd Cir.), cert. denied, 349 So.2d 335 (La.1977); Board of Commissioners v. Hollybrook Land Company, 191 So.2d 724 (La.App. 2nd Cir.1966), cert. denied, 193 So.2d 528 (La.1967).[1] Therefore, unless Ms. Pittman demonstrates that these judgments are absolutely null, this court must recognize their terminating effect upon her child support payments.
The sole ground offered for the nullity of these judgments is the allegation by Ms. Pittman that the Twenty-First Judicial District Court lacked jurisdiction of the custody action filed by Mr. George. She admits that Mr. George was domiciled in Livingston *1202 Parish and the child was visiting him prior to the custody action being filed. These facts suggest the court had jurisdiction of the matter under La.C.C.P. Art. 10(5). However, she contends that the visiting child's brief presence in Louisiana is not a sufficient predicate for jurisdiction under Smith v. Ford, 288 So.2d 71 (La.App. 4th Cir.1974) and the Uniform Child Custody Jurisdiction Law (R.S. 13:1700 et seq.).
Smith held that the brief temporary presence of a child does not confer jurisdiction upon a court under La.C.C.P. Art. 10(5) unless an emergency exists. The Uniform Child Custody Law similarly provides that absent an emergency, a child must reside within the court's jurisdiction for at least six months prior to suit.
However, we find these arguments unpersuasive. First, the Uniform Child Custody Law has no application to the instant case, as its effective date of October 1,1978, was after the rendition of the judgments in question. Secondly, the case of Rafferty v. Rafferty, 313 So.2d 356 (La. App. 4th Cir.1975), overruled Smith and interpreted La.C.C.P. Art. 10(5) to confer jurisdiction on a court if the minor is in the state, regardless of the method utilized to obtain the presence of a child. We find Rafferty to be the controlling law at the time these custody orders were rendered. Consequently, the Twenty-First Judicial District Court possessed jurisdiction of the custody suit, and their judgments are recognized by this court. Ms. Pittman has failed to demonstrate the absolute nullity of these judgments, thereby precluding any collateral attack.

LACK OF HEARING
However, Ms. Pittman alternatively claims that if jurisdiction were present, the lack of a contradictory hearing and notice prior to the ex parte order of Judge Ford violated due process of law and, therefore, such order can have no effect. Admittedly, it is settled that a court may not render an ex parte order without providing an opportunity to be heard. Saizan v. Saizan, 311 So.2d 281 (La.App. 1st Cir.1974). However, in this case, Judge Ford's ex parte order set the matter for a subsequent hearing which would serve to satisfy due process. On the record before us, there is no evidence to suggest that the hearing did not occur, or that Ms. Pittman lacked notice thereof. Thus, having failed to meet her burden of proof, we reject appellant's claim of due process violation.

DECREE
Accordingly, for the above reasons, we affirm the decision of the trial court at appellant's cost.
AFFIRMED.
NOTES
[1] If a judgment is relatively null, it can only be attacked by a direct action in the court of rendition. La.C.C.P. art. 2006; Barron v. Oden, supra.