LANIER, Judge.
This is a summary proceeding to obtain accountings from an attorney representing a succession and the tutorship of four minors and to terminate the attorney’s representations of the succession and tutorship. The attorney did not appear at the trial. Instead, she sought removal of the case to the United States District Court which ultimately determined the case was improvidently removed. The trial court rendered judgment ordering the attorney to render accountings in the succession and tutorship within 20 days and removing the attorney from representing the succession and tutorship. While the removal proceedings were pending, the attorney filed a motion for a suspensive appeal to this court.[1]
FACTS
In 1977, Jacqueline Carr, an attorney at law, was retained by Joseph S. Moses to represent the succession of his brother, James, and the tutorship of James’ four minor children, James E. Moses, II, David S. Moses, Theresia A. Moses and Cynthia M. Moses. Joseph Moses was the administrator of the succession and the tutor of the minor children.
On July 23,1986, Joseph Moses filed this action alleging no pleadings had been filed in the succession and tutorship since February of 1982. On November 7, 1986, the trial court ordered that P. David Carollo, an attorney at law, be recognized as attorney for Joseph Moses in his capacities as administrator and tutor. Ultimately, a hearing was scheduled in this action for 9:30 a.m. on April 7, 1987. The court minutes and transcript for this hearing show (1) Moses and Carollo appeared in court; (2) Carr was served but did not appear; (3) Carollo orally advised the trial court that Carr telephoned his office and advised his “secretary that she intends to have this matter moved to Federal Court ... ”; (4) after waiting 35 minutes the court proceeded with the hearing; (5) Joseph Moses gave testimony;[2] and (6) after the matter was submitted, the trial court rendered judgment removing Carr as attorney for the succession and tutorship for cause and ordering Carr to file accountings in the succession and tutorship. A written judgment to that effect was signed on April 8, 1987.
On April 7,1987, at 10:09 a.m., Carr filed a petition for removal in the United States District Court for the Eastern District of Louisiana alleging diversity of citizenship. The supplemented record herein contains a civil suit account report from the clerk of the state trial court which shows that on 04-07-87 a “COPY PET FOR REMOVAL” was filed in docket number 7587 (the docket number of this case). The actual pleading is not in the record before us.
On May 8,1987, Carr filed a motion for a suspensive appeal in the state court proceeding. The order of appeal was signed on May 12, 1987, and a suspensive appeal bond of $125,000 was fixed.
On June 9,1987, Carr filed final account-ings in the succession and the tutorship. The accountings covered the period of April 22, 1977, to April 7, 1987.
On September 18, 1987, the United States District Court declined jurisdiction over this case because it involved probate matters and ordered it remanded to state court. Carr moved to reconsider this ruling. On October 21, 1987, the United States District Court denied this motion and made supplemental findings that Carr was a Louisiana resident and “the removal of this case was both improvident and without jurisdiction.”
NULLITY OF JUDGMENT
(Specification of Error 1)
Carr contends the judgment signed by the trial court on April 8, 1987, is null and *79 void because she completed her removal procedure to federal court on April 7, 1987, and, thereafter, any subsequent state court action is invalid. In brief, Carr asserts the following facts:
Immediately upon the filing of the removal action in Federal Court, CARR filed the Notice of Removal; Bond; and Petition, with the Clerk of Court, the Honorable Lucy Reid Rausch, Twenty-second Judicial District, State of Louisiana, and hand-delivered the file to Judge John W. Greene at approximately 11:15 A.M., April 7th, 1987. Thereafter, CARR motored to Slidell, LA., and immediately served notice of the removal on P. David Carollo, Attorney for JOSEPH S. MOSES, on or about 1 P.M.
The usual procedure to annul a judgment is a direct action brought in the trial court. La.C.C.P. art. 2006. The nullity claim herein was not raised in the trial court. However, the jurisprudence has held that, where the judgment attacked is an absolute nullity, it may be attacked collaterally and in any court. Ledford v. Pipes, 507 So.2d 9 (La.App. 2nd Cir.1987); Pittman v. George, 424 So.2d 1200 (La.App. 1st Cir.1982). An action for nullity on the basis of lack of jurisdiction may be asserted collaterally. Schnatz v. Schnatz, 501 So.2d 318 (La.App. 5th Cir.), writ denied, 504 So.2d 877 (La.1987). Such a collateral attack, however, must be predicated on defects patent on the face of the record. Nethken v. Nethken, 307 So.2d 563 (La.1975). Decuir v. Decuir, 105 La. 481, 29 So. 932 (1901); Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1235 (La.1984); American Bank & Trust Company v. Marbane Investments, Inc., 337 So.2d 1209 (La.App. 3rd Cir.1976).
The procedure for removing cases from state court to federal court is set forth in 28 U.S.C.A. § 1446. See, generally, 28 U.S.C.A. § 1441, et seq. This statute must be strictly construed in favor of state court jurisdiction. Takeda v. Northwestern National Life Insurance Company, 765 F.2d 815 (9th Cir.1985). In particular, 28 U.S.C.A. § 1446(e) provides as follows:
Promptly after the filing of such petition for the removal of a civil action and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.
Thus, to divest a state court of authority to act, a litigant must (1) give written notice of the removal to all adverse parties and (2) file a copy of the removal petition with the clerk of the pertinent state court. In State v. Butler, 405 So.2d 836, 839 and 840 (La.1981), appears the following:
It is well-settled that once the procedure for removal has been followed and so long as the case has not been remanded, any subsequent action by the state court is void, even if the case was removed improperly.
[[Image here]]
The requirements of filing defendant’s petition for removal with the clerk of the state court, and of giving notice to adverse parties, are not merely modal or formal, but rather constitute mandatory conditions precedent to termination of jurisdiction of the state courts and assumption of jurisdiction by the federal court.
The adverse party in this case is Joseph Moses in his capacity as succession administrator and tutor. He is represented by Carollo. The record before us shows no written notice to Moses or his attorney. The record shows oral notice of intent to file for removal given by Carr to Carollo’s secretary. In brief, Carr asserts she personally served written notice on Carollo. Factual allegations in a brief are not part of the record on appeal and will not be considered. Crockett v. Crockett, 537 So. 2d 334 (La.App. 1st Cir.1988).
Because it is not patent on the record before us that the judgment signed on April 8, 1987, is void, we cannot rule on Carr’s claim of nullity. However, if Carr can prove compliance with 28 U.S.C.A. § 1446(e) prior to the time that the judgment was signed on April 8, 1987, she can *80 have that judgment set aside. Further, if Carr complied with the removal statute, we question the action of the trial court in ordering a suspensive appeal and fixing a bond therefor. If the order of appeal is not valid, we may not have appellate jurisdiction over this matter. Accordingly, we believe the interests of justice dictate that this matter be remanded to the trial court for an evidentiary hearing to determine the validity of the judgment signed on April 8, 1987. La.C.C.P. art. 2164.
DECREE
For the foregoing reasons, this case is remanded to the trial court which shall conduct an evidentiary hearing on Carr’s factual allegations and rule on Carr’s claim of nullity of judgment. If the trial court’s ruling is adverse to Carr, she is reserved the right to appeal the merits of this appeal with any appeal she may take from the adverse ruling on the nullity issue. Carr is cast for the cost of this appeal.
REMANDED.

. The record before us does not reflect that a suspensive appeal bond was filed.

. Joseph Moses testified that at that time There-sia Moses was 25 years old, James Moses was 26, David Moses was 22 and Cynthia Moses was 20.