542 So.2d 726 (1989)
Laurie FUGE
v.
Hendrik UITERWYK.
No. 88-CA-1637.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
Robert C. Lowe, Edith H. Morris, Lowe, Stein, Hoffman & Allweiss, New Orleans, for appellant.
Steven J. Lane, Herman, Herman, Katz & Cotlar, New Orleans, for appellee.
Before GARRISON, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
Laurie Fuge, mother and plaintiff-in-rule, appeals a judgment sustaining an exception of lack of subject matter jurisdiction to hear her rule seeking to change custody, alter visitation and increase child support previously awarded in a Florida divorce judgment. The exception was filed by Hendrik Uiterwyk, father of the three minor children and defendant-in-rule.
*727 FACTS:
Ms. Fuge and Mr. Uiterwyk were married in New Orleans, Louisiana in 1970. Two years later they moved to Florida. All of the children born of the marriage were born in Florida. The couple separated in 1980 and were divorced in Florida in 1985. The final judgment of divorce awarded shared parental responsibility with Ms. Fuge as the primary residential custodian and Mr. Uiterwyk providing the secondary residence. Generous visitation was awarded to Mr. Uiterwyk.
Pursuant to a Florida consent judgment of June 21, 1986, Ms. Fuge was allowed to move the children permanently from Florida to New Orleans so that she could attend Tulane Law School. This judgment provided that Florida would retain jurisdiction over the parties for a period of one year.
On September 29, 1987, Ms. Fuge filed a rule to change custody, alter visitation and increase child support. Three weeks later, on October 20, 1987, Mr. Uiterwyk filed suit in Florida to revoke the 1986 consent judgment allowing Ms. Fuge to move the children permanently to New Orleans. In addition, Mr. Uiterwyk claims that on September 22, 1987, some seven days prior to Ms. Fuge filing her rule in Louisiana, he filed a rule for contempt for her failure to abide by the court ordered visitation.[1]
In response to Ms. Fuge's rule, Mr. Uiterwyk, on October 29, 1987, filed an exception to the jurisdiction of Louisiana pursuant to the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA). La. R.S. 13:1700 et seq. A hearing on the exception was held February 19, 1988.
On March 8, 1988, the trial court rendered judgment sustaining Mr. Uiterwyk's exception and dismissed Ms. Fuge's rule. In its' reasons for judgment, the trial court rejected all of Mr. Uiterwyk's exceptions to the court's jurisdiction but found that since there was a simultaneous proceeding in Florida, Louisiana must decline to exercise its jurisdiction. The Court relied on La. R.S. 13:1705(A).
On March 23, 1988, Ms. Fuge filed a motion for a new trial. This motion was denied without a hearing.
Ms. Fuge appeals asserting that the trial court erred in maintaining the exception. She argues that Louisiana meets all the jurisdictional requirements of the UCCJA and Florida does not. We agree.
The UCCJA became effective in Louisiana on October 1, 1978. The general purpose of the Act is to avoid jurisdictional disputes with courts of other states in matters of child custody and to assure that child custody matters are litigated in the state with the closest connection to the most substantial evidence about the child and its family. La.R.S. 13:1700(A). Prior to its passage, Louisiana has traditionally exercised a broad grant of jurisdiction over the status of minors to determine their custody when the minor is a domiciliary of Louisiana or is in Louisiana. La.C.C.Pro. Art. 10(A)(5). The jurisprudence interpreting Art. 10(A)(5) suggests that mere physical presence without more and without regard to the means used to achieve such presence sufficed to give a Louisiana court power to decide custody matters. See; Jones v. Larkins, 347 So.2d 508 (La.App. 4th Cir.1977); Rafferty v. Rafferty, 313 So.2d 356 (La.App. 4th Cir.1975).
This broad jurisdiction over the custody of minors pursuant to Art. 10(A)(5), although tightened, has not been substantially diminished by the passage of the UCCJA. Now, however, it is clear that the mere physical presence of a minor in Louisiana, without more, does not suffice to *728 give a Louisiana court jurisdiction either to determine custody or modify a foreign custody decree. Pursuant to the provisions of the UCCJA, and given the circumstances of this case, in order for a Louisiana court to have jurisdiction, the "home state" test (La.R.S. 13:1702(A)(1)) or the "best interest of the child" test (La.R.S. 13:1702(A)(2) must be satisfied. See; Dillon v. Medellin, 409 So.2d 570 (La.1982); Schroth v. Schroth, 449 So.2d 640 (La.App. 4th Cir. 1984). "Home state" is defined in La.R.S. 13:1701(5) as "... the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months...."
The Florida consent judgment of June 21, 1986, allowed Ms. Fuge to move the children permanently to Louisiana. At the time she instituted these proceedings (September 29, 1987) she and the children had been living in Louisiana for over one year. Thus, Louisiana, not Florida meets the statutory definition of home state.
We also find that Louisiana satisfies the "best interest of the child" test. La. R.S. 13:1702(A)(2). In order to satisfy the requirements of this section, a state must have a "significant connection" with the children and at least one parent, and have available "substantial evidence concerning the child[ren's] present or future care, protection, training and personal relationships." (emphasis added). After review of this matter, we make the following conclusions.
The connections which the children have with Florida are (1) they previously resided there and (2) their father and some of their relatives reside there. We do not consider these factors alone sufficient to meet the "significant connection" requirements. The children reside with their mother and maternal grandparents in New Orleans and have been here since the latter part of 1986. Given these facts the great majority of evidence concerning the children's present and/or future care, protection, training and personal relationships is in Louisiana, not Florida. Their teachers, counselors, friends and health care providers are here. It is therefore clear that Florida is not the state with "significant connections" to the children or where "substantial evidence" as to their present and future welfare is available.
Thus, having determined that Florida is not the "home state" and lacks any significant connection with the children, it was error for the trial court to have found that Louisiana must defer to Florida pursuant to the simultaneous procedure provision of La.R.S. 13:1705(A). La.R.S. 13:1705(A) reads in pertinent part:
"A. A court of this state shall not exercise its jurisdiction under this Part if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Part, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons." (emphasis added)
The language "... substantially in conformity with this part, ..." contemplates a situation where two states have equal jurisdictional status because both meet the "home state" and/or "significant connection" requirements of the UCCJA. When such a situation occurs, conflict is avoided by reference to the priority of filing which requires a Louisiana court with jurisdiction under the uniform law to defer to the foreign state with uniform law jurisdiction when the first proceeding was filed in the foreign state and factors indicate that Louisiana is an inconvenient forum. La.R.S. 13:1705(A); La.R.S. 13:1706; Revere v. Revere, 389 So.2d 1277 (La.1980).
In the instant case, no equal jurisdictional status exist between Louisiana and Florida. Even assuming arguendo that equal jurisdictional status under the uniform law does exist, 13:1705(A) would not apply as there was no pending procedure in Florida regarding the custody of the children at the time Ms. Fuge filed her rule in Louisiana. Mr. Uiterwyk's rule for contempt, even if filed first, is not relevant as it is not a proceeding to determine custody. *729 Furthermore, Mr. Uiterwyk's motion to revoke the Florida consent judgment of June 21, 1986 was filed after Ms. Fuge filed her rule in Louisiana and does not serve to defeat jurisdiction of the Louisiana court. See; St. Andrie v. St. Andrie, 473 So.2d 140 (La.App. 3rd Cir.1985).
Thus, Florida does not satisfy the jurisdictional requirements of La.R.S. 13:1702(A)(1) or (2). No equal jurisdiction status exists between Louisiana and Florida to mandate application of La.R.S. 13:1705(A). Nor is Louisiana an inconvenient forum. La.R.S. 13:1706. The prohibition found in La.R.S. 13:1713(A) against Louisiana modifying the original custody decree of Florida is removed.
For the foregoing reasons, we REVERSE the judgment of the trial court sustaining the exception of jurisdiction. We REMAND the case for a determination on the merits on the issues of custody, visitation and child support. All costs assessed against appellee.
REVERSED AND REMANDED.
NOTES
[1] The correct filing date for the contempt rule is in conflict. The copy of the rule filed in our record is not dated. Ms. Fuge asserts the contempt rule was filed on September 29, 1987, the same day she filed her rule and was filed in retaliation of same. In addition, she asserts that in a letter dated October 2, 1987 from Mr. Uiterwyk to her Florida counsel, Mr. Uiterwyk indicated he had dismissed the contempt rule. Ms. Fuge states this letter was introduced into evidence as exhibit 12 but was lost along with the rest of her exhibits. The September 29, 1987 filing date asserted by Ms. Fuge is somewhat corroborated by the fact that in his April 13, 1988 Motion to Lift Stay, filed in our record, Mr. Uiterwyk states he filed the rule for contempt on September 29, 1987.