hLANDRIEU, Judge.
In this child custody case, the paternal grandparents, George A. Hero, III, and Da-nella Hero, are seeking visitation privileges regarding their granddaughter, who lives with her mother in Wisconsin. In December of 1996, the grandparents., filed a rule to submit the case for a decision, alleging that the judge who heard the matter in June and October of 1993 had failed to render a judgment. The mother opposed the rule and filed an exception of res judicata and an exception of lack of jurisdiction, noting that a judgment had in fact been rendered on October 19, 1993, without notice to the parties. The district court on July 11, 1997, granted both exceptions and also denied the grandparents’ rule to submit the case. The grandparents appealed. We reverse the district court’s judgment in part and affirm it in part.
The exception of res judicata was improperly sustained by the district court; however, the court correctly denied the grandparents’ rule to submit the case for decision. In this matter, a judgment on the grandparents’ petition for visitation existed, having been rendered without notice to the parties on October 19, 1993. This judgment, *870 however, was not a final judgment under La.Code Civ. Proc. art. 121841. The judgment granted a one-time visitation to the grandparents for forty-eight hours, but conditioned this visitation, and a determination of any future visitation, on the results of an evaluation of the child and the grandparents by an unnamed evaluator. The judgment, while it purports to grant in part the relief requested by the grandparents, conditioned that relief on the rendition of the recommendation of the unnamed evaluator. Essentially, then, the court merely decided a preliminary matter, the appointment of an independent evaluator, without determining the ultimate merits of the grandparents’ petition for visitation. Thus, the exception of res judicata was prematurely urged. The district court properly denied the grandparents’ rule to submit the case for a decision, because a judgment on the petition exists.[1]
The district court also erred in sustaining the exception of lack of jurisdiction.
The district court has jurisdiction over the matter under the Uniform Child Custody Jurisdiction Act (UCCJA), La.Rev. Stat. 13:1700 et seq.[2] Section 1702 A(l) of the UCCJA provides that a Louisiana court has jurisdiction to make a child custody determination, either initial or a modification thereof, if Louisiana (i) is the home state of the child at the time of the commencement of the proceeding or (ii) had been the child’s home state within six months before commencement of the proceeding, the child is absent from Louisiana because of her removal or retention by a person claiming her custody, and a parent continues to live in Louisiana. Under Section 1701(5), home state denotes “the state in which the child himmediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months.... ”
This case falls under Section 1702 A(l)(ii). In October of 1992, when the grandparents filed their petition for visitation pursuant to La.Rev.Stat. 9:572,[3] the child had been removed to Wisconsin by the mother for approximately one month. There is no question that, until the child’s removal to Wisconsin, Louisiana was her home state as defined by Section 1701(5), because she had lived in Louisiana since her birth in November of 1987. Thus, until one month before the grandparents’ petition was filed, Louisiana was the child’s home state. With permission of the court, the child had been removed from the state by her mother, who was then petitioning for sole custody, while the child’s father, who sought joint custody, remained in Louisiana. Consequently, under the “home state” test of Section 1702 A(l)(ii), the district court had jurisdiction to hear the grandparents’ petition for visitation privileges.
The district court also had jurisdiction under the “significant connection” test or the “best interest of the child” test set forth in Section 1702 A(2). That section provides that a court may assume jurisdiction in the best interest of the child if the child and the parent have a significant connection with the state and there is available in the state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships. At the time the petition was filed by the grandparents in 1992, the child had lived with her father and mother in Louisiana since her birth in 1987. The paternal grandparents also resided in Louisiana. Consequently, substantial evidence concerning the child’s circumstances would have been found primarily in Louisiana. Thus, the grounds [4for jurisdiction under the “significant connection” test were satisfied when the grandparents’ petition for visitation was filed.
*871 On the other hand, should a proceeding regarding custody of the child commence in Wisconsin, there is no doubt that the Wisconsin court would also have jurisdiction under the Uniform Child Custody Jurisdiction Act. Wisconsin would logically be considered the child’s home state for jurisdiction purposes, the child having lived there since 1992. See La.Rev.Stat. 1701(5); Compare Fuge v. Ui-terwyk, 542 So.2d 726, 728 (La.App. 4th Cir. 1989); Schroth v. Schroth, 449 So.2d 640, 642 (La.App. 4th Cir.1984). In addition to “home state” jurisdiction under Section 1702 A(l)(i), Wisconsin would also exercise jurisdiction under the “significant connection” test. Because the child has been living in Wisconsin since 1992, the conditions of jurisdiction under the “significant connection” basis are likely to be met. Compare Fuge v. Uiter-uryk, 542 So.2d at 728.
Nonetheless, that both Louisiana and Wisconsin can have simultaneous jurisdiction is not unforeseen under the Uniform Child Custody Jurisdiction Act. La.Rev.Stat. 18:1705; Revere v. Revere, 389 So.2d 1277, 1280 (La.1980). Before declining or retaining jurisdiction, the court, after a hearing thereon, must decide whether it is an inconvenient forum to make the custody determination and whether a more appropriate forum exists.[4] La.Rev.Stat. 13:1706. Where both Estates present a legitimate claim of significant connection, a comparative determination must be made as to which state has maximum connection with the child. Devillier v. Smith, 95-0846, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 71, 73.
It may well be that Wisconsin is a more appropriate forum than Louisiana; however, nothing has occurred to divest the Louisiana court of its original jurisdiction since the filing of the petition and the district court’s ruling thereon. No provision of the UCCJA automatically divests the Louisiana court of its jurisdiction once it has been assumed; nor does the passage of a particular length of time while the child resides in another state automatically divest a court of its “home state” jurisdiction.
Schroth v. Schroth, supra, relied upon by the mother, does not stand for the proposition that Louisiana’s jurisdiction may be automatically lost to another state by virtue of the child’s continuing presence in the succeeding home state. There, a consent judgment had been entered in Louisiana giving the mother sole custody with visitation to the father. The child and mother moved to New Jersey, which became the child’s “home state” under Section 1701(5) six months thereafter. The father’s petition for sole custody was filed almost sixteen months after the child and her mother moved to New Jersey. Because Louisiana was not the child’s “home state” under Section 1701(5) within six months of the filing of the petition, the Louisiana court did not have jurisdiction under the “home state” test set forth in Section 1702 A(l). The court ultimately concluded that New Jersey, which could have exercised “home state” jurisdiction and whose “significant connection” jurisdiction was superior to that of Louisiana, was the more appropriate forum for the father’s custody petition.
The Schroth court specifically noted that Louisiana, which rendered the initial custody decree, could have retained jurisdiction over the father’s custody 16Petition had the grounds for jurisdiction met the standards set forth in Section 1702. Implicitly, the court found that the father’s request for modification of the custody decree was a distinct proceeding under the facts of that ease and that his request was required to meet the jurisdiction standards independently. Even under that implicit holding, the *872 instant ease may be distinguished, because, as noted above, the grounds for jurisdiction were satisfied when the grandparents’ petition was filed.
Counts v. Bracken, 494 So.2d 1275 (La.App. 2nd Cir.1986), also relied upon by the mother, may be distinguished in the same manner. There, the grandparents’ petition for visitation, though considered a modification of the original custody decree obtained in Louisiana, was filed in Louisiana some seven years after the child and her mother had moved to Arkansas. The court noted that, when the grandparents’ petition was filed, Louisiana could no longer exercise “home state” jurisdiction and its “significant connection” to the child had become inferior to that of Arkansas. The court held that custody jurisdiction over the child had “shifted” to Arkansas in the interim between the initial custody decree and filing of the petition to modify that decree. In the instant case, the Louisiana court was the only court with custody jurisdiction under the UCCJA when the grandparents’ petition for visitation was filed.
A court having custody jurisdiction under the UCCJA may decline to exercise that jurisdiction if, after a hearing thereon, see Anton v. Anton, 97-0792 (La.App. 4 Cir. 5/14/97), 694 So.2d 1217, the court decides that it is in the best interest of the child to do so. The law provides a procedure for refusing to exercise jurisdiction, while protecting the rights of the parties. See La.Rev.Stat. 13:1705-1706. This is so even when no litigation is pending in the state whose forum is deemed to be more appropriate. See La. Rev.Stat. 13:1706.
|7In the instant case, the district court’s ruling that it lacked jurisdiction over the grandparents’ petition for visitation was erroneous, because the court possessed “home state” jurisdiction under Section 1702 A(l)(ii) and “significant connection” jurisdiction under Section 1702 A(2) when the petition was filed. Additionally, even if the court in granting the mother’s exception found that Louisiana was now an inconvenient forum to hear the matter, and that Wisconsin has become the more appropriate forum, it failed to comply with the procedures and guidelines set forth in the statutes before declining to exercise its jurisdiction. Accordingly, the district court’s ruling sustaining the exception of lack of jurisdiction is reversed.
The district court’s ruling of July 11,1997, is reversed in part and affirmed in part. The sustaining of the exceptions of res judicata and lack of jurisdiction are reversed. The denial of the motion to submit the case for decision is affirmed. The matter is remanded to the district court for further proceedings not inconsistent with this decision.

REVERSED IN PART; AFFIRMED IN PART; MATTER REMANDED.

. The record contains a motion to appoint an evaluator filed by the grandparents, apparently in an effort to enforce the court’s preliminary judgment of October 19, 1993. There has been no ruling on the motion.

. A Louisiana court’s jurisdiction over interstate disputes concerning grandparent visitation is governed by the Uniform Child Custody Jurisdiction Act. Counts v. Bracken, 494 So.2d 1275, 1277 (La.App. 2nd Cir.1986).

.This provision, providing for visitation for grandparents, has been repealed. La. Civ.Code art. 136 B provides for visitation privileges for the grandparents in the best interest of the child.

. In Revere, the Court stated: "When [simultaneous jurisdiction] occurs, it is not necessary that the significant connection state defer in every case to the home state. The conflict is avoided by reference to priority of filing (see R.S. 13:1705, which requires a court with jurisdiction under the uniform law to defer to the court of another state with uniform law jurisdiction when the first proceeding was filed in the latter state) and to factors indicating Louisiana is an inconvenient forum (see R.S. 13:1706, which encourages judicial restraint when another state with jurisdiction under the uniform law appears to be in a better position to determine custody.)” [Footnotes omitted.] 389 So.2d at 1280. Reliance on the priority of filing would be necessary only if the jurisdictional claims to the matter by both states were equivalent. See Fuge v. Uiter-wyk, 542 So.2d at 728-29. Here, of course, there has been no filing in Wisconsin.