i,McClendon, j.
On March 23, 2004, Laura Watts Boyce, filed a petition in East Baton Rouge Parish for a full interdiction of her mother, Peggy Kidd Watts. By a judgment signed on April 8, 2004, the trial court granted a full interdiction. Defendant, Mrs. Watts, appealed. We vacate the judgment of full interdiction, and dismiss the suit.
FACTS AND PROCEDURAL BACKGROUND
The petition filed herein alleged that Mrs. Watts was a domiciliary of East Baton Rouge Parish, as was her daughter, Mrs. Boyce. Attached to the petition was an affidavit by a doctor who had examined Mrs. Watts, opining that she had the “symptoms of dementia.” In a second attached affidavit, Mrs. Boyce attested that “in September 2003” she removed Mrs. Watts from the family home in Monroe, Louisiana, and “arranged for Mrs. Watts to live in St. James Place in Baton Rouge, Louisiana.” Mrs. Boyce further stated that sometime before the filing of the petition of interdiction in March of 2004, Mrs. Watts returned to Monroe and did not want her daughter “to come to Monroe to assist her.”
On March 24, 2004, the trial court granted an ex parte order of temporary interdiction. The trial court also named Mrs. Boyce as the temporary curatrix and appointed Mr. Brent Stockstill as counsel for Mrs. Watts. A hearing for a preliminary interdiction was set for March 30th. Based on the short period of time available for service, Mrs. Boyce moved for the appointment of a private process server. The trial court granted her request. On March 28th, Mrs. Watts was served in Monroe with the citation, petition, and notice of the March 30th hearing in Baton Rouge, as well as other documents and pleadings. On March 30th, possibly due to the service only two days before, the trial court granted an oral motion for continuance made by Mrs. Watts’ counsel, Mr. Stockstill. The court re-set the preliminary interdiction hearing for April 8, 2004, in Baton Rouge. The record contains no evidence of personal service of a formal notice of the April 8th hearing on Mrs. Watts.
|sAlthough her attorney was present, Mrs. Watts failed to appear in Baton Rouge for the April 8th hearing on the preliminary interdiction. Despite her absence, and the lack of any notice to the parties that a full interdiction, as opposed to a preliminary interdiction, would be considered, the trial court orally granted a full interdiction. A written judgment was signed on the same day. Subsequently, on April 28, 2004, the trial court signed a judgment pursuant to Louisiana Civil Code of Procedure article 4550 awarding costs and attorney fees to the curatrix, Mrs. Boyce.
Mrs. Watts assigned several errors to the trial court’s judgment of a full interdiction, and complained of the judgment for *554 costs. However, the threshold issue is one of venue.[1]
APPLICABLE LAW
Louisiana Code of Civil Procedure provides for full or limited interdictions. LSA-C.C.P. art. 4541; LSA-C.C. arts. 389 & 390. Before a final judgment is rendered for full or limited interdiction, the trial court may order temporary or preliminary interdiction to ensure that the defendant is not left unprotected “pending a final interdiction hearing.” LSA-C.C.P. art. 4549 & Revision Comments-2000, comment a; see LSA-C.C. art. 391. “A judgment of temporary interdiction granted ex parte terminates ten days after being signed,” with the possibility of. one extension for another ten days. LSA-C.C. art. 397; LSA-C.C.P. art. 4549(A)(1). After a temporary interdiction is granted, a hearing on a preliminary interdiction must be scheduled.. See LSA-C.C.P. art. 4549(A)(1) & (B)(1). A preliminary judgment cannot be granted until after the adversarial hearing. LSA-C.C.P. art. 4549(B)(1). A judgment of preliminary interdiction “terminates thirty days after being signed, unless extended by the court for good Rcause for a period not exceeding thirty days.” LSA-C.C. art. 397. The legislative scheme also contemplates a hearing be held before the grant of a final judgment of full interdiction. See LSA-C.C.P. arts. 4546, 4547, & 4549, & 4549 Revision Comments-2000, comment a; LSA-C.C. art. 391. Once granted, a final judgment of full or limited interdiction may be modified or terminated for good cause or upon death of the interdict. La. C.C. art. 397.
“Venue for an interdiction proceeding is the parish where the defendant is domiciled, where he' resides if he has no domicile in this state, or where he is physically present if he has no residence in this state.” LSA-C.C.P. art. 4542. A person’s domicile “is in the parish wherein he has his principal establishment.” LSA-C.C. art. 38. A change may be effected through residence in another parish, “combined with the intention of making one’s principal establishment there.” LSA-C.C. art. 41. The law presumes that domicile continues, and the burden of proof is on the party asserting the change. In re Adoption of Rials, 220 La. 484, 56 So.2d 844, 846 (1951); Pattan v. Fields, 95-1936, p. 8 (La.App. 1 Cir. 9/26/95), 669 So.2d 1233, 1238 (en banc per curiam), writs denied, 95-2382 (La.9/29/95), 661 So.2d 1341 & 95-2381 (La.9/29/95), 661 So.2d 1342. Venue for interdiction proceedings may not be waived, and thus, is jurisdictional. LSA-C.C.P. art. 44(B); see Boyer v. Boyer, 96-0346, p. 19 (La.App. 1 Cir. 1/23/97), 691 So.2d 1234, 1244, writ denied, 97-1415 (La.9/26/97), 701 So.2d 984; Knight v. Sears, Roebuck & Company, 566 So.2d 135 (La.App. 1 Cir.), writ denied, 571 So.2d 628 (La.1990); see also Succes *555 sion of Guitar, 197 So.2d 921, 924 (La.App. 4 Cir.1967) (non-waivable jurisdiction equates to jurisdiction rationae materiae, or subject matter jurisdiction). If known, the petitioner shall provide the defendant’s domicile in the petition for interdiction. LSA-C.C.P. art. 4541(A)(2).
ANALYSIS
After a thorough review of the record, we find that Mrs. Boyce failed to establish the requisite jurisdictional venue had changed to East Baton Rouge Parish. The record contains no evidence from Mrs. Watts herself, and insufficient ^evidence from other sources to show a change of domicile from Mrs. Watts’ family home in Monroe, Louisiana. Based on Mrs. Boyce’s own pleadings, she was the instigator of the move to Baton Rouge. Mrs. Boyce also attested that Mrs. Watts voluntarily returned to Monroe after a few months in Baton Rouge, and seemingly did not wish to return to Baton Rouge. The existence of a second residence .is not alone sufficient to evidence a change in domicile. See Messer v. London, 438 So.2d 546, 547 (La.1983); Pattan, 95-1936 at p. 6, 669 So.2d at 1237. Arguably, if Mrs. Watts was incompetent at the time of the filing of the petition for interdiction, she would not have the capacity to form the requisite intent to change her domicile. See Vance v. Ellerbe, 150 La. 388, 90 So. 735 (1922).
Interdiction divests a person of the right to manage his own affairs. The provision that venue for an interdiction proceeding is jurisdictional, and may not be waived, affords an alleged incompetent defendant the opportunity to defend himself or herself in his or her home parish and domicile. To base venue on the existence of a second residence, without more evidence of an actual intent to change one’s long term domicile, would eviscerate this legislative provision.
For these reasons, we vacate the judgment of full interdiction, and dismiss the petition for interdiction, without prejudice. The costs of this appeal are assessed to petitioner-appellee, Laura Watts Boyce.
JUDGMENT VACATED; SUIT DISMISSED.
GUIDRY, J., concurs.

. Finding merit in Mrs. Watts' first assignment of error, we pretermit discussion of the remaining assignments on personal jurisdiction and hearsay. As to the error assigned to the award of costs, we note that costs were taxed by a separate, subsequent judgment, which has not been appealed. See Held v. Aubert, 02-1486, p. 13 (La.App. 1 Cir. 5/9/03), 845 So.2d 625, 636; Hoyt v. State Farm Mutual Automobile Insurance Company, 623 So.2d 651, 664 (La.App. 1 Cir.), writ denied, 629 So.2d 1179 (La.1993); compare Jarrell v. Carter, 577 So.2d 120, 124 (La.App. 1 Cir.), writ denied, 582 So.2d 1311 (La.1991) (interlocutory judgment that may be reviewed on appeal of the merits). However, under the facts here, the judgment taxing costs may be susceptible to an action of nullity. See LSA-C.C.P. art.2001, et seq.; see also Succession of Moses v. Carr, 543 So.2d 77, 79 (La.App. 1 Cir.), writ denied, 547 So.2d 362 (La.1989) (defects must be patent on the face of the record).