HEATHER ROPER KAPTEIN     \*     NO. 2019-CA-0784

VERSUS     \*

    COURT OF APPEAL

JESSE KAPTEIN     \*

    FOURTH CIRCUIT

    \*

    STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-04304, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Tiffany G. Chase)

Robert C. Lowe
Jeffrey M. Hoffman
LOWE STEIN HOFFMAN ALLWEISS & HAUVER
3600 One Shell Square
701 Poydras Street
New Orleans, LA 70139

    COUNSEL FOR PLAINTIFF/APPELLANT, HEATHER ROPER
    KAPTEIN

Cindy H. Williams
Renee C. McKay
ATTORNEY AT LAW
111 Veterans Blvd., Suite 804
Metairie, LA 70005

    COUNSEL FOR DEFENDANT/APPELLEE, JESSE KAPTEIN

**REVERSED AND REMANDED**
**JANUARY 22, 2020**

This appeal arises from a contentious visitation battle following a dissolution of the parties' marriage. The mother of the minor child filed a motion to suspend virtual visitation by the father. The father opposed the motion with an exception of *res judicata* because he was previously granted virtual visitation. He contended that the visitation issue could not be re-litigated. The trial court agreed and maintained the exception.

The mother appeals asserting that visitation judgments are fluid judgments and are not subject to the doctrine of *res judicata*. We agree. Judgments regarding custody and visitation are subject to modification. The mother sought to terminate virtual visitation. The previous judgment granting the father virtual visitation was not a final judgment such that *res judicata* was implicated. The judgment of the trial court is reversed and the matter is remanded for further proceedings.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This Court is familiar with the parties and their respective history. Heather Kaptein and Jesse Kaptein were married with one minor child being born of the

union. The parties divorced and contentious visitation and support litigation followed. *See Kaptein v. Kaptein*, 16-1249, p. 1 (La. App. 4 Cir. 6/14/17), 221 So. 3d 231, 232, *writ denied*, 17-1421 (La. 10/9/17), 228 So. 3d 746.[1]

Ms. Kaptein filed a Motion to Suspend FaceTime Visitation of Mr. Kaptein based on his failure to comply with the trial court's previous orders. Ms. Kaptein also contended that a purely virtual relationship with the minor child was not in her best interest. Mr. Kaptein filed an exception of *res judicata* asserting that the issue was previously litigated in *Kaptein* and that Ms. Kaptein did not allege a change in circumstances. The trial court agreed with Mr. Kaptein and granted the exception of *res judicata*. Ms. Kaptein's devolutive appeal followed.

## STANDARD OF REVIEW

"The standard of review of an exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect." *R-Plex Enterprises, LLC v. Desvignes*, 10-1337, p. 2 (La. App. 4 Cir. 2/9/11), 61 So. 3d 37, 39.

## RES JUDICATA

Ms. Kaptein contends that the trial court legally erred by maintaining Mr. Kaptein's exception of *res judicata*. We agree.

"The doctrine of *res judicata* precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment." *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir.

---

[1] A recitation of the factual and procedural history of the parties is unnecessary for the resolution of the current appeal.

5/19/10), 43 So. 3d 207, 210. "Louisiana courts recognize that 'a final judgment has the authority of *res judicata* only as to those issues presented in the pleading and conclusively adjudicated by the court.'" *Id.* (quoting *Ins. Co. of North America v. Louisiana Power & Light*, 08-1315, p. 6 (La. App. 4 Cir. 3/4/09), 10 So. 3d 264, 268. "Moreover, it is well established that on an exception of *res judicata*, the burden is on the exceptor to prove the essential elements by a preponderance of the evidence." *Igbokwe v. Moser*, 12-1366, p. 4 (La. App. 4 Cir. 4/24/13), 116 So. 3d 727, 730.

As noted above, in order for the doctrine of *res judicata* to apply, the judgment must be final. "Judgments awarding custody and child support are always subject to modification and are thus never final." *Kleiser v. Kleiser*, 619 So. 2d 178, 179 (La. App. 3rd Cir. 1993). *See Hansel v. Hansel*, 00-1914, p. 12 (La. App. 4 Cir. 11/21/01), 802 So.2d 875, 883. "Consequently, such judgments will not bar subsequent actions brought to modify the provisions for custody and support." *Id.* Likewise, this Court determined that a judgment regarding visitation of the grandparents of a minor child was not a final judgment pursuant to La. C.C.P. art. 1841. *Hero v. Hero*, 97-2799, pp. 1-2 (La. App. 4 Cir. 5/27/98), 714 So. 2d 868, 869-70.

Ms. Kaptein's Motion to Suspend FaceTime Visitation sought a modification of existing visitation conditions. Visitation, like custody, can be modified. As such, we find that the trial court legally erred by granting Mr. Kaptein's Exception of *Res Judicata*. The allegation of a change in circumstances

is a factual determination for the trial court to substantively address on the Motion to Suspend FaceTime Visitation. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

## *DECREE*

For the above-mentioned reasons, we find that the trial court committed legal error by applying the doctrine of *res judicata* to a motion seeking a modification in the current visitation conditions between the minor child and Mr. Kaptein. As such, the judgment of the trial court is reversed and the matter is remanded for further proceedings.

**REVERSED AND REMANDED**